**TRADERS & GENERAL INS. CO. v. JENKINS.**

No. 4978.

Court of Civil Appeals of Texas. Amarillo.

Oct. 7, 1940.

Rehearing Denied Nov. 4, 1940.

Simpson, Dorenfield & Fullingim, of
Amarillo, and Lightfoot, Robertson & Gano

and Dan P. Johnston, all of Fort Worth, for plaintiff in error.

James O. Cade, of Amarillo, for defendant in error.

STOKES, Justice.

This suit was filed by defendant in error, W. B. Jenkins, as an appeal from an award of the Industrial Accident Board. He alleged that while employed in Potter County by John Farrell he sustained an accidental injury while in the course of his employment, which employment consisted of tearing down the walls of an old brick building. He alleged that while standing upon a scaffold, pushing and removing the brick, the wall toppled and fell, causing him to fall from the scaffold, a distance of some thirty feet to the ground. The allegations were sufficient, if supported by proof, to warrant a verdict of total, permanent incapacity. Plaintiff in error was carrying the compensation insurance for Farrell and its answer consisted of a general demurrer, general denial, and some special pleas with reference to the jurisdiction of the court.

The case was submitted to a jury upon special issues in answer to which the jury found substantially that, while in the course of his employment with Farrell, defendant in error sustained an injury which rendered him totally incapacitated for work, and that such incapacity was permanent. They further found that defendant in error did not sustain partial incapacity by the injury; that manifest hardship and injustice would result if the compensation were not paid in a lump sum; that there were other employees of the same class as defendant in error working in or near Amarillo substantially three hundred days during the year immediately preceding May 31, 1937, the date of the injury; that the average daily wage of such employees was $2.40, and that the sum of $14.40 per week should be fixed as the average weekly wage of defendant in error. The jury further found that defendant in error was not free from diseases that were not traceable to the injuries sustained by him, but that his present incapacity to labor is not due solely to such diseases.

Based upon the findings of the jury, the court entered judgment in favor of defendant in error for total and permanent disability in the sum of $2,768.41, from which plaintiff in error has prosecuted a writ of error.

Under the twenty-nine propositions of law contained in plaintiff in error's brief, the contentions are made that the judgment of the trial court should be reversed upon the following grounds: First, that certain special issues were so framed as to be upon the weight of the evidence in violation of the provisions of Art. 2185, R.C.S. 1925; second, certain special issues were submitted to the jury when there was no evidence to support them; third, failure of the court to submit special issues upon the question of whether or not the defendant in error would, in the future, suffer incapacity by reason of the diseases of arteriosclerosis and osteoarthritis with which he admittedly was suffering at the time the injury occurred; fourth, that there is no basis for the judgment because there is no finding by the jury as to whether or not defendant in error will suffer incapacity in the future by reason of the pre-accident diseases and the court was not authorized to make such findings; fifth, that the jury were permitted to find the weekly wage of defendant in error under subsection 2 of Sec. 1 of Art. 8309, pertaining to other employees of the same class having worked substantially the whole of the preceding year, without first submitting to the jury a special issue upon subsection 1 of the section mentioned; and, sixth, that certain special issues were so framed as erroneously to place the burden of proof upon plaintiff in error.

Under the first contention in the arrangement which we have made, error is assigned in the submission by the court of special issue No. 2-b, which was as follows: "What do you find, from the preponderance of the evidence, to be the length of time, if any, of such total incapacity, if any? Answer 'It is permanent' or 'From ——— to ———' (filling in the blanks with the dates, if any, found by you.)"

The jury answered this issue: "It is permanent." The contention is made by plaintiff in error that this special issue was on the weight of the evidence because it amounted to an intimation from the court to the jury that defendant in error did suffer some total incapacity as a result of the alleged injuries and that such incapacity extended from some fixed date to another fixed date.

There would be some merit in plaintiff in error's contention had the court not submitted to the jury special issue No. 2-a immediately preceding the special issue here complained of. Special issue No. 2-a asked of the jury if they found from a preponderance of the evidence that the injury, if any, sustained by defendant in error rendered him totally incapacitated for work. This issue was answered in the affirmative and immediately following it, the court submitted special issue No. 2-b which is here complained of. In submitting it, the court instructed the jury that it should be answered if they had answered special issue No. 2-a in the affirmative. Thus it will be seen that, instead of assuming in special issue No. 2-b that defendant in error did suffer some total incapacity as a result of the alleged injuries, the court placed that burden upon the jury by submitting it conditionally, that is, upon the condition that they had already answered special issue No. 2-a to the effect that the injuries rendered defendant in error totally incapacitated for work. As we view the special issue complained of, the court was seeking to have the jury find the length of time, if any, of the total incapacity, if any they had found in answer to special issue No. 2-a, which the defendant in error had suffered. Requiring the jury to answer "It is permanent" or "From ——— to ———," instructing them to fill in the blanks with the dates, if any, found by them, did not, therefore, constitute an intimation from the court to the jury as to the court's idea of the matter inquired about.

■ Under other assignments and propositions plaintiff in error contends that special issue No. 7-a as submitted by the court was upon the weight of the evidence and an assumption by the court that defendant in error was suffering from diseases that were traceable to his alleged injury. That special issue reads as follows: "Do you find, from a preponderance of the evidence, that the plaintiff is free from diseases that are not traceable to the injuries, if any, sustained by him on May 31, 1937? Answer Yes or No."

This special issue was answered in the negative and the complaint is that the court, in submitting it, assumed that defendant in error was suffering from diseases that were traceable to the injury. If there had been a contention made by defendant in error that he had received an injury and was then suffering from a disease or infection that naturally resulted therefrom, the contention of plaintiff in error concerning this issue may have contained some merit. No such claim was made by defendant in error, however, and the record does not show any reference to diseases of defendant in error that in any respect could have naturally resulted from the injury. It was shown by a number of physicians that, before his alleged injury, defendant in error was afflicted with the diseases of arteriosclerosis and osteoarthritis. In fact, this was not controverted by plaintiff in error and, under the record before us, the reference by the court to diseases not traceable to the injuries in the special issue under consideration could not be construed as a reference to a disease or diseases other than those about which the witnesses had testified and with which admittedly defendant in error was suffering at the time of the injury.

We have considered all of the contentions made by plaintiff in error in reference to the matters discussed and, in our opinion, the special issues as submitted are not subject to the objections made.

■ The second general contention made by plaintiff in error relates again to the submission of special issue No. 2-b wherein the court required the jury to find the duration of defendant in error's total incapacity, if any, the further complaint being that there was no legal evidence to support the submission of such an issue. As we have stated, a number of physicians testified that defendant in error, at the time he was injured, was suffering from diseases known as arteriosclerosis and osteoarthritis, which, in ordinary parlance, means hardening of the arteries and inflammation of the bones and joints. Some of them testified that they saw no cause for disability or incapacity to work in so far as the injury itself was concerned and that if he was incapable of performing work and labor it was due to the old chronic diseases and conditions mentioned rather than to the injuries received by him on the occasion when he fell from the scaffold. Dr. Vaughan was called as a witness for defendant in error and, in answer to a hypothetical question covering substantially the facts attending the accident and the conditions found by the witness in his examination of defendant in error, said that, in his opinion, the disability of defendant in error to perform labor

was due to the fall he received on May 31, 1937. He further said that in his opinion defendant in error was not able to work and, taking into consideration his age of fifty-nine years and the facts stated in the hypothetical question, in his opinion defendant in error will not again be able to work at manual labor. In addition to this testimony, Mrs. Jenkins, wife of defendant in error, testified that she and defendant in error had been married thirty-four years; that during most of that time defendant in error had been engaged in farm work and other manual labor. She said that she could not recall any instance where he was unable to work because of illness or any other type of physical disability. Other facts were adduced which indicate that prior to the accident defendant in error had apparently been in good health and able to perform most any kind of manual labor. It is further shown that since the injury he has not been able to perform any kind of labor and the physicians who examined him testified that, in their opinion, he was not, and never again would be, able to perform manual labor. These facts were, in our opinion, sufficient to require that the issue be submitted to the jury and at least to make an issue on the question of whether or not the alleged incapacity of defendant in error was due to the injury.

▮▮ Under other assignments plaintiff in error contends there was no basis in the evidence for the submission of special issues Nos. 5-a and 5-b as to whether or not there were employees of the same class as defendant in error working at Amarillo substantially three hundred days of the year immediately preceding the date of the injury in the same or similar employment. While defendant in error alleged he was engaged in similar employment for the same or other employers for substantially the whole of the year preceding his injury, the evidence wholly failed to establish such allegation. It is shown that during the year 1936 defendant in error lived on a farm owned by him in New Mexico and what work and labor he performed during that year was on the farm except during the wheat harvesting period he went to Colorado and labored in the wheat fields. No witness testified that defendant in error had worked at common labor at Amarillo or its vicinity more than a month or two. John Farrell, the employer for whom defendant in error was working at the time of the accident, testi-

fied that defendant in error was, at the time, engaged in common labor, doing all kinds of work. He said that he did not have men working as many as three hundred days wrecking buildings, but that he did have men doing common labor at his lumber yard who had been engaged in that kind of labor for a year preceding the accident. The objection made to the submission of these issues is that the testimony did not show the labor in which these employees were engaged during the preceding year was the same as that which defendant in error was performing at the time he was injured. The law does not require proof that the labor in which such other employees engaged during the preceding year be the identical work in which defendant in error was engaged at the time he received the injury. It is sufficient if the labor engaged in by them was of the same class. The testimony of the employer was that the labor of his other employees was of the same class and we are of the opinion that it was sufficient to warrant the court in submitting the case to the jury in the form in which it was submitted.

▮ Plaintiff in error further contends under proper assignments that the court was not warranted in submitting special issues to the jury under subsection 2 relating to other employees of the same class until the jury had first passed upon subsection 1 to the effect that defendant in error himself had not worked at the same or similar employment during the year preceding the accident. If there had been any testimony to the effect that defendant in error had worked at the same or similar employment during the preceding year so as to raise an issue on that question, this contention of plaintiff in error would be sound. In view of the record, however, there was no such issue made by the evidence and we know of no rule under which the court was required to submit it in the absence of evidence to support it. We do not agree with plaintiff in error in these assertions and its assignments of error pertaining to them are overruled.

▮ Under the third and fourth contentions plaintiff in error asserts that the court erred in refusing to submit special issues upon the question of whether or not defendant in error would suffer incapacity in the future by reason of the diseases with which he was suffering at the time he was injured. The court charged the jury that

"permanent incapacity" meant such incapacity as would continue through the remainder of one's life. Under special issues that were submitted, the jury found defendant in error had sustained an injury which had rendered him incapable of performing work and that such incapacity was permanent. Under the instructions given in the charge, these findings are to the effect that the disability of defendant in error was caused by the injury and that the injury brought about a disability that is permanent, that is, will continue through the remainder of his life. We think the court went as far as he was required under the law in submitting these issues. There was no testimony to the effect that, without the injury, defendant in error would have become incapacitated by reason of the diseases with which he was suffering and no such issue having been made by the testimony, the court was not required to submit it.

 Complaint is made by plaintiff in error because the court submitted special issues upon the question of temporary incapacity in an affirmative manner; that is, in such manner as to warrant a judgment in favor of defendant in error for partial incapacity in the event the jury should find he was not totally disabled. The gravamen of this contention is that the evidence having raised the question of partial incapacity and plaintiff in error having pleaded a general denial, it was entitled to have the question of partial incapacity submitted as a defense in such a manner as to place upon defendant in error the burden of proving he was not partially incapacitated before he would be entitled to recover for total incapacity. This would have been accomplished if the court had submitted the question of partial incapacity in a negative form and then placed upon defendant in error the burden of establishing the fact that he was not temporarily incapacitated. There are expressions in the opinions of the courts which seem to sustain plaintiff in error in this contention, but in the recent case of Wright v. Traders & General Insurance Co., 132 Tex. 172, 123 S.W.2d 314, 316, Judge Taylor, speaking for Section B of the Commission of Appeals, has clarified any confusion that may have heretofore existed in regard to that matter. In that case the court said: "The issue affirmatively phrased correctly submits plaintiff's alternative basis of recovery and at the same time accords defendant an af-

firmative submission of its ground of defense. The burden of proof is not misplaced by an affirmative statement of the issue, as the defendant has the burden of establishing by a preponderance of the evidence its defense of partial incapacity. Nor has defendant any just ground of complaint to its submission affirmatively. It is no more onerous for defendant to establish the fact of partial incapacity by an inquiry stated affirmatively than it would be to establish the same fact by an inquiry phrased negatively. The mere fact that it is more likely that a mistrial due to conflicting findings will result from its negative submission constitutes no just reason therefor. If the probability of such a result is the sole reason for negative submission it is not predicated upon a right, and if the court fails or refuses to submit the issue in such form the litigant desiring that it be so submitted suffers no denial of right. No reason is apparent why the finding of the jury upon the issue affirmatively submitted cannot justly serve the diverse purposes of plaintiff and defendant."

Defendant in error was entitled to the special issue as an alternative to his plea of total incapacity. Granting that plaintiff in error was entitled to a special issue submitting the question in a different form, it made no request for its submission. Although there has been more or less conflict in the holdings of our courts in reference to the question of whether or not under such circumstances the duty rests upon a defendant to request special issues, the recent trend is decidedly to the effect that, before the failure of the trial court to submit such an issue can be presented to the appellate court for review, such request must be made. Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071, 1072.

In the case cited, Chief Justice Leslie, speaking for the Eastland Court of Civil Appeals, said: "No issue was submitted involving the alleged negligence of appellee P. E. Minor. The first and second assignments predicate error on the court's failure to submit such issue. Conceding that the appellant was entitled to the issue, it merely excepted to the action or ruling of the court in omitting to give the issue, and did not formulate an issue presenting the question and request the court to submit the same to the jury. Such objection and exception under the circumstances do not entitle the defendant

to a review by the appellate court of the alleged error of the trial court in failing to submit said issue. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W. (2d) 849; Harris v. Leslie [128 Tex. 81] 96 S.W. (2d) 276."

The case further holds that the defendant must not only request the submission of such an issue, but that it is incumbent upon him to prepare and tender to the court, in due time, an issue which is correct under the pleadings and the evidence, citing Desdemona Gasoline Co. v. Garrett, Tex.Civ. App., 90 S.W.2d 636. See also Texas & N. O. Ry. Co. v. Mattie B. Crow, et al., 132 Tex. 465, 123 S.W.2d 649; Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Under the sixth contention plaintiff in error makes the assertion that the court committed error in constructing the forms of certain special issues and, in such forms, submitting them to the jury. The complaint here presented is that the special issues began by asking the jury "Do you find from a preponderance of the evidence, etc." and then instructing the jury to answer "Yes" or "No". It is contended, as it has in a number of other cases been contended, that the use of this form in submitting special issues to the jury has the effect of placing upon both parties to the litigation the burden of establishing their contentions by a preponderance of the evidence, that is, upon the plaintiff to establish the affirmative and upon the defendant to establish the negative of the questions asked. Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901; Fidelity & Casualty Co. v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550; Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 114 S.W.2d 354.

Being in doubt and not fully agreed among ourselves upon the legal correctness of the forms of special issues, we certified the question to the Supreme Court and it was answered in an opinion handed down by that court June 19, 1940. Traders & General Ins. Co. v. Jenkins, 141 S.W.2d 312. As we interpret the opinion, no error was committed by the court below in respect to the forms of the special issues and this contention of plaintiff in error will be overruled.

'We have carefully considered all of the assignments of error presented by plaintiff in error and, being of the opinion that no reversible error is revealed by any of them, the judgment of the court below will be affirmed.