**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Isslac Lee BUTLER, Appellee.**

**No. 15679.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 3, 1956.

Rehearing Denied March 2, 1956.

Nelson & Sherrod, Lyle B. Cherry and Eugene Sherrod, Jr., Wichita Falls, for appellant.

Mock, Richie & Spell and C. Coit Mock, Wichita Falls, for appellee.

RENFRO, Justice.

This is an appeal from a judgment of total and permanent disability in a workmen's compensation case.

The first nine points of error pertain to wage rate, it being appellant's position there was no evidence and insufficient evidence to support the jury finding under Subdivision 2, Section 1 of Article 8309, V.T.C. S., and that judgment non obstante veredicto should have been entered, predicated upon the minimum wage rate provided by the statute.

It is conceded that appellee could not have recovered under Subdivision 1, Section 1 of the wage rate statute.

Appellee was injured on September 6, 1954, while working as a common laborer for May & Taylor Pipe Line Contractors. He sustained injuries on his first day of employment while moving a piece of pipe with his hands. His testimony was to the effect that he was to do common manual labor on the job. He was to receive $1 per hour for forty hours and time and a half for overtime. The witness Hooper, called by appellee, testified he was bookkeeper for the Wichita Falls Foundry and Machine Company; he had a common laborer named Phillips who had worked for more than a year prior to September 6, 1954, at an hourly wage of $1.30 for the first half of the year and $1.35 per hour the last half of the year; that Phillips was just a common laborer doing manual work. The evidence shows that the duties of appellee and Phillips were quite similar.

The law does not require proof that the labor in which such other employee engaged during the preceding year be the identical work in which appellee was engaged at the time of his injury. It is

sufficient if the labor engaged in by such other employee was of the same class. Texas Employers' Ins. Association v. Robison, Tex.Civ.App., 241 S.W.2d 339; Traders & General Ins. Co. v. Jenkins, Tex.Civ. App., 144 S.W.2d 350; Texas Employers' Ins. Association v. Blanton, Tex.Civ.App., 266 S.W.2d 276; Traders & General Ins. Co. v. Yarbrough, Tex.Civ.App., 181 S.W. 2d 305.

We think the evidence justified the jury finding that another employee of the same class as appellee did work substantially the whole of the year immediately preceding appellee's injury.

The first nine points of error are overruled.

The eleventh and thirteenth points are based on jury argument of appellee's counsel. We find no reversible error therein.

The tenth point of error concerns comment by the court on the weight of the evidence.

The doctor witness for the appellee was subjected to a lengthy cross-examination by appellant. His testimony was contradictory to that of the other three doctors who testified in the case concerning the extent of the injury and duration of disability to the appellee. After he had been cross-examined to some extent about reports he had made in other cases, the court sustained an objection with the remark, "I said he had gone as far as I was going to let him go now that has nothing to do with this case whatever." Whether or not the court was justified in stopping the cross-examination at that time is beside the point. Suffice it to say that like testimony, according to the statement of facts, had been admitted for quite sometime. In making the unnecessary statement above, the court not only told the jury that the testimony being offered at that particular time had nothing to do with the law suit but necessarily he told the jury that a considerable amount of the preceding testimony had nothing whatever to do with the case.

■ In ruling upon the admissibility of evidence it is improper for the judge to use language tending to disclose any existing or apparent opinion as to the weight of the evidence or calculated to increase or diminish its weight with the jury. 41-B Tex.Jur., p. 81, sec. 57.

■ We think the harm of the above statement is apparent and that it did probably prejudice the jury against appellant. The trial court should have sustained appellant's objection to the remark and if possible have rectified same by proper instruction.

In its twelfth point of error appellant contends the court erred in failing to grant its motion for a new trial because certain argument of appellee's counsel attacked the character and integrity of counsel for appellant.

At the time appellee sustained injury he did not tell anyone except an eighteen year old fellow employee. Three days later he told his foreman he had sustained a back injury. The foreman sent or took him to a doctor and within ten days or two weeks notified both the employer and the carrier of the claimed injury. After suit was filed appellee submitted to appellant certain requests for admissions which were answered by appellant's attorney, Mr. Sherrod. Request No. 5 was as follows: "That Plaintiff's employer had *actual notice* of said *accidental injury* within thirty (30) days from the 6th day of September, 1954." (Emphasis ours.) Request No. 6 read: "That if the Plaintiff's employer did not have actual notice of such accidental injury then that said employer was notified within thirty (30) days after September 6, 1954 that said Plaintiff had sustained or was claiming to have sustained an accidental injury while in the course of his employment with said employer." Request No. 5 was denied and request No. 6 was admitted.

While appellee's counsel was making his closing argument to the jury he called the jury's attention to the fact that ap-

pellee had been criticized for misrepresenting his income. Then he argued: "Now in talking about people not always sticking to the truth—where is that request for admission?" At this point appellant's attorney stated: "Now your Honor I would like to interpose this objection about the requests for admissions Mr. Kee didn't bring that out in any way in his opening argument for us to reply to it and if he is going into the requests for admissions now I request time to reply to it." His objection and request were overruled. Appellee's attorney continued: "You heard George Willingham say I am working for May & Taylor out there, I am the foreman. This man told me about being injured, he said on the pipe rack three days after it happened and I took him up to Dr. Ogden and I made a report to the Texas Employers Insurance Association within ten days. But on February 10, 1955 Mr. Sherrod under oath, we asked him this question to admit or deny that plaintiff's employer had actual knowledge of said accidental injury within 30 days from the 6th of September, 1954. Mr. Sherrod is a lawyer here. In response to your requests for admissions in this cause dated February 3, 1955, that the Defendant Texas Employers says that request No. 5 that they had actual knowledge of the injury is denied."

Further objections were made and overruled. Then the argument was concluded as follows:

"Mr. Eugene Sherrod goes before a notary public, Mary Byrum, Wichita County, Texas, 'Before me, the undersigned authority on this day personally appeared Eugene Sherrod Jr. who after being by me duly sworn on his oath states that he is the attorney of record for the defendant in the above entitled and numbered cause and that he is familiar with the foregoing admissions and denials to be used in the trial of the above cause, and to know the contents of such an admission and denials and such admissions and denials and every statement and allegation thereof are true and correct' and that he is authorized to make and sign them

and it is signed by Eugene Sherrod. And then Mr. Sherrod would have the temerity to criticize Butler for not reporting the income that was not withheld on his tax slips.

"Gentlemen I guess we all have some human failings. Apparently Mr. Sherrod has some along with the rest of us."

Then Mr. Sherrod stated: "Now your Honor we are going to object to that criticism that certainly is not fair. He accused me of telling a story—" The court sustained the objection.

After some further remarks to the court, appellant's counsel objected to appellee's attorney criticising him and accusing him of telling a falsehood and asked the court to instruct the jury that that line of argument was improper and that they were not to consider it. His request was overruled.

◼ The argument was not justified. It is a clear accusation that appellant's attorney swore to an untruth. The record does not support the accusation. Appellee himself had distinguished between actual notice of the injury and notice that appellee was claiming injury by the wording of requests Nos. 5 and 6. It will be noted that request No. 6 asked that if the employer did not have actual notice of the injury then that the appellant admit that the employer was notified within thirty days that the appellee had sustained or was claiming to have sustained an accidental injury. Appellee made no claim that anyone saw him get hurt, or that there was any visible sign of injury. Appellee was satisfied that the admission to No. 6 was adequate for he neither introduced testimony nor requested an issue on notice. Indeed, no such issue was necessary since the appellant had admitted that the employer had received notice within the statutory time that appellee was claiming injury. The question of notice, therefore, not being in dispute, had no bearing on the issues submitted to the jury. The argument of which complaint is made could only serve to prejudice the jury against

202

appellant by making it appear that appellant's attorney had sworn to an untruth. This is evidenced by the emphasis with which appellee's attorney argued that appellant's attorney had appeared before a notary public in Wichita County and sworn, etc. Furthermore, after discussing the criticism appellant had made of appellee for misrepresenting his income, appellee's attorney said, "Now in talking about people not always sticking to the truth—where is that request for admission?" Then he proceeded to read the answer to the request and emphasized that it was sworn to, and ended up by saying, "we all have some human failings. Apparently Mr. Sherrod has some along with the rest of us." It is clear he was accusing appellant's attorney of swearing to an untruth.

 Before a judgment is reversed because of argument of counsel, it must be improper and it must be such as to satisfy the reviewing court that it was calculated to and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. Whether the impropriety of the argument probably influenced the jury unfavorably to appellant is to be determined as a matter of our judgment in the light of the record as a whole. See Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115.

The essential facts of appellee's claim were highly controversial. This was especially true of the extent of the alleged injuries and disability. The testimony of the doctors was in direct conflict on these matters.

Considering the character of the case and the closeness of the fact issues, our best judgment is that appellant probably suffered prejudicial harm.

From the whole record, we think the jury was probably influenced by the argument, which was by its very nature reasonably calculated to so influence. Houseman v. Decuir, Tex., 283 S.W.2d 732.

Lawyers are officers of the court and proper and ethical conduct requires that there be limitations on the extent to which counsel may go in the injection of prejudicial and inadmissible matters, whether by cross-examination or by jury argument. Texas Employers' Ins. Association v. Haywood, Tex., 266 S.W.2d 856.

We think the trial court erred in overruling appellant's request to instruct the jury to disregard the argument of which complaint is made.

Because of the comment of the trial judge on the weight of the testimony and the improper jury argument of appellee's counsel, the judgment of the trial court is reversed and remanded for a new trial.