## D–BAR RANCH v. MAXWELL.
### No. 14497.

Court of Civil Appeals of Texas.
Fort Worth.
March 12, 1943.

Rehearing Denied April 9, 1943.

Edward P. Dougherty, Lively, Dougherty & Alexander, Thompson, Knight, Harris, Wright & Weisberg, and Pinkney Grissom, all of Dallas, for appellant.

Levi Topletz and Charles Romick, both of Dallas, for appellees.

SPEER, Justice.

Plaintiff, Winston Maxwell, sued defendants, D-Bar Ranch, a corporation, R. E. Davis and B. L. Jeanes, to recover damages sustained to his person caused by an explosion of a gasoline blow-torch, alleged to have been furnished by defendants to plaintiff, while in the discharge of his duties as a farm and ranch hand.

It is apparent from this record that Davis owned a tract of land in Collin County and one in Parker County; that a corporation was formed in January, 1938, for the purpose of raising, buying and selling livestock. Davis became the president and Jeanes the vice-president and general manager of the corporation.

The corporation leased the two tracts of land from Davis for a period of ten years, beginning with some time in 1938; Jeanes assumed the active management of the ranch properties and lived ·on the Collin County place. In 1938 Jeanes hired plaintiff as a farm and ranch hand to do general work, such as was necessary on the premises.

Plaintiff's alleged cause of action is based upon asserted acts of negligence by defendants, proximately causing serious personal injuries to him. Allegations are sufficient to disclose the nature of plaintiff's duties under his contract of employment. That Jeanes was the general manager of the ranch and plaintiff was obligated to take instructions from him in relation to the duties to be performed.

Allegations were made that Jeanes had purchased a second-hand blow-torch and kept it at the ranch, in the tool shed; that on April 12, 1940, Jeanes told plaintiff to pen the lambs on the ranch that night, and on the next day to sear their tails off by means of the use of a blow-torch provided by defendants. In the pleading this was said:

"Plaintiff alleges it was the duty of the defendants, and each of them, to furnish plaintiff with good and reasonably safe and sufficient tools for that purpose, namely, to be used in searing lambs' tails, and to maintain said tools in a reasonably safe condition, but the said defendants, and each of them, wholly neglected and disregarded their duty in that behalf, by furnishing the said plaintiff * * * an old second hand blow-torch, which had been used so many times * * * that the parts thereof, and particularly the valve and needle controlling the flow of gas from said torch, were rusted and worn, rendering the same thereby defective and unsafe instrument * * * for the use for which plaintiff was directed to apply it upon orders from defendants * * *." There are allegations of defendants' failure to inspect and ascertain the condition of the blow-torch which was furnished plaintiff for use; it was further alleged that defendants furnished plaintiff im-

proper fuel for use in the blow-torch; that while using the blow-torch in carrying out Jeanes' instructions relating to searing the lambs' tails, it exploded, causing serious injuries to plaintiff. That defendants' failure to furnish a reasonably safe blow-torch, their failure to keep and maintain it in a safe condition for use, and furnished improper gasoline for use in the torch, were acts of negligence and proximately caused the explosion which injured plaintiff.

Defendants denied generally and pleaded several acts of alleged contributory negligence and assumed risk. Each of the defendants Jeanes and Davis specially denied liability upon asserted grounds that they had no other relationship to the corporation than being its officers and that neither of them personally dealt with or employed plaintiff.

■ Subsequent to the return of the verdict by the jury, defendants R. E. Davis and B. L. Jeanes filed motions for judgments in their favor respectively as against plaintiff's claims. The court granted both motions and entered judgment that plaintiff take nothing against either of the named defendants personally. Plaintiff excepted to this order and has perfected an appeal cross-assigning errors to the action of the court. But in view of the disposition we have concluded to make of this appeal we think no error is shown, for it is conceded by plaintiff in his brief that the individual defendants would not have been liable if the jury had found that the D-Bar Ranch defendant was not negligent proximately causing plaintiff's injuries. In this we think he is correct, and since this appeal will be disposed of upon the theory that no negligence of the D-Bar Ranch was shown, proximately causing the explosion, there was no error in entering judgment for the two named defendants.

Special issues were submitted to a jury. In so far as we deem necessary to state, the verdict was made by the following findings: (1) Defendant D-Bar Ranch failed to furnish the plaintiff a reasonably safe blow-torch at the time in question. (2) Such failure was negligence and that (3) the negligence was the proximate cause of plaintiff's injuries. (4) The D-Bar Ranch failed to furnish plaintiff with a reasonably safe container in which to place the blow-torch, but (5) such failure was not negligence. (7) D-Bar Ranch did not furnish plaintiff with unsafe fuel for use in the blow-torch. (10) Plaintiff's injuries were not the result of an unavoidable accident. (11) Plaintiff did not fail to use ordinary care for his own safety in putting the blow-torch in the bucket being used by him at the time of the accident. (13) Plaintiff assumed the risk of the explosion in question. In connection with this inquiry an instruction was given as to the meaning of the term "assumed the risk", but we think it unnecessary to mention it further here. (14) Plaintiff did not voluntarily use the method of doing the work in which he was engaged while injured. (14a) Plaintiff was following the instructions of Jeanes, the general manager of the corporation, in using the method he did use in searing the lambs' tails. (14b) Plaintiff was not acting upon instructions from Jeanes, the general manager of the corporation, in putting the blow-torch in the bucket at the time of the explosion. (15) Plaintiff sustained damages in the sum of $12,-500.

After the verdict was returned defendant D-Bar Ranch moved for judgment on the verdict, especially on the answer to Special Issue 13, which found that plaintiff assumed the risk in the controversial matters, and in the alternative for judgment non obstante veredicto, disregarding the special issues 1, 2 and 3, and their answers, based upon the theory that there was no testimony offered to support such answers. The motion was overruled.

After verdict, plaintiff moved that the special jury finding in response to Special Issue 13 (finding that plaintiff assumed the risk) be disregarded by the court for lack of evidence to support it, and that judgment be entered in his favor on the remainder of the verdict. This motion was granted and judgment entered for plaintiff for the sum named, disregarding the finding in response to issue No. 13. Defendant D-Bar Ranch perfected its appeal. Plaintiff likewise perfected his appeal predicated upon his cross-assignment of error to the effect that the court erred in submitting to the jury the issue of assumed risk as disclosed by Special Issue No. 13. In the view we take of this record we believe it unnecessary to further discuss plaintiff's cross-assignment of error.

Defendant relies upon nine designated points of error. The first three assert error in the refusal of the court to give its requested peremptory instruction and the court's refusal to sustain its motion for judgment notwithstanding the verdict, asserting that there is no evidence to author-

ize the submission and the answers given to issues 1, 2 and 3, in which it was found D-Bar Ranch was negligent in the matters inquired about and that such negligence proximately caused plaintiff's injuries. After a very careful study of the record before us we have concluded the points mentioned should be sustained.

Before making reference to the testimony relied upon by plaintiff to support the judgment, we must bear in mind that it is now settled in this state that, (1) if there is any testimony of probative value to support a jury finding in favor of one against whom the instructed verdict is sought, the instruction should not be given, and (2) judgment non obstante veredicto is authorized only where an instructed verdict would have been proper or where a special issue finding has no support in the evidence, when motion and notice thereof have been timely filed and given. Rule 301, Rules Texas Civil Procedure; Wininger v. Ft. Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150; Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7; Happ v. Happ, Tex.Civ. App., 160 S.W.2d 227, writ refused for want of merit; Gatlin v. Southwestern Settlement & Development Corp., Tex.Civ.App., 166 S.W.2d 150, writ refused for want of merit.

The instant suit was based upon asserted negligence in the manners indicated by the pleadings above pointed out. It is an elementary principle of law that negligence is a failure to observe a legal duty. We are not to be understood as approving the allegations found in plaintiff's pleadings as a correct statement of the obligations of the master to the servant, more especially wherein it is claimed that it was the duty of the master "to furnish plaintiff with good and reasonably safe and sufficient tools", for use in performing his duties. But rather the duty is one to exercise ordinary care to furnish reasonably safe tools and appliances for those purposes. 29 Tex. Jur. 178, sect. 98. The employer is not under the absolute obligation to furnish appliances which are reasonably safe for such uses. This is more onerous than the law requires. Ibid. 179, sect. 99. But no point is raised by defendant about such contentions made by plaintiff, and for clarity we have made these observations.

We have definitely concluded that the evidence in this case, relating to the furnishing of the blow-torch and its periodical inspection, raises no issue of negligence, proximately causing the explosion in which plaintiff was injured. We find nothing in the testimony which remotely tends to show why the explosion happened, attributable to the defendant against whom judgment was entered. It unquestionably occurred and plaintiff was injured, but the causes are the merest speculations.

In support of the jury findings in response to issues 1, 2 and 3 (attacked by defendant in its motion for judgment non obstante veredicto) plaintiff relies upon the following testimony, presented by him; much of it was contradicted but for the purposes of the point under consideration we should construe it in its most favorable light to his contention. While in the discharge of his duties on the ranch and under the instructions of Jeanes, on April 13, 1940, he was searing lambs' tails by means of a searing iron made in form of scissors heated by a blow-torch. It was considered by Jeanes that this method was better than cutting off the tails; Jeanes had told him to heat the iron with the torch and to put the torch in a container to prevent the wind from blowing fire to some near-by hay; there were wash tubs at the ranch house 200 yards away; plaintiff placed the blow-torch in a five gallon tin can, which was open at the top. The searing iron was heated by extending it down into the container until it was close to the place on the torch where the flame was blown out by means of air pressure pumped into the chamber of the torch by a pump built into the torch gasoline chamber. He had had little experience in the past with handling such torches—had used this one for a few minutes on previous occasions to thaw out frozen water pipes, but had never heated a searing iron with a blow-torch, nor had he had any experience in searing lambs' tails in this manner, except that he had seen it done by a neighbor a few days previously; on that occasion the irons were heated by a means different from the one being used by him. On the occasion in question, plaintiff had seared the tails of three or four lambs during a period of perhaps fifteen or twenty minutes and when he placed the iron on the container and turned up the blaze in the torch, as was necessary to heat the iron, the explosion came, resulting in the serious injuries detailed by him and his physician. Plaintiff had nothing to do with procuring the torch nor with its maintenance; Jeanes had purchased it second-hand from an automobile mechanic, who repacked the needle valve and told

Jeanes it was all right. Jeanes had never used the torch and so far as plaintiff knew, Jeanes had never had experience in using a blow-torch, nor did he know anything about its operation or maintenance. Plaintiff testified that the bucket container did not get hot from the torch and that he did not know of any danger incident to placing the torch in the container. At the trial, the exploded blow-torch was exhibited to plaintiff and he observed at that time the top part of the torch was loose; that the nut had the appearance of having had a wrench applied to it indenting the sides of the nut; that the pump part of the torch appeared at the trial to be bent and looked like it had been soldered on the shoulder.

However, the condition of the torch after the terrific explosion described by plaintiff, could hardly be considered as describing the instrumentality prior thereto, and we do not believe such testimony has any probative value in arriving at whether or not the torch was defective before the accident. It could amount to no more than a presumption at most, and upon this presumption we would be required to infer that the explosion occurred on that account—a thing we may not do.

We have read the entire statement of facts and find nothing more definite than the narrative above set out. Absent any testimony whatever showing a defect in the torch, and that such defect was the cause of the explosion, it cannot be said that an issue of fact was raised as to the negligence of the appealing defendant against whom the judgment was entered. For obvious reasons the principle of res ipsa loquitur is not in the case, nor does plaintiff so contend.

As we view this record, defendant's requested peremptory instruction should have been given. The court having declined to give it when requested, the motion for judgment notwithstanding the verdict should have been sustained.

Defendant presents other points of alleged error, which involve the action of the court in refusing to enter judgment for it upon the jury verdict to the effect that plaintiff assumed the risk, because of alleged conflicts in the jury's answers to special issues and two instances of alleged improper argument by plaintiff's counsel. In the view we have taken of this appeal, these points become immaterial and we do not attempt to pass upon them.

For the reasons pointed out and discussed above, the judgment should be affirmed in so far as it denied plaintiff recovery against the defendants R. E. Davis and B. L. Jeanes, and the judgment in plaintiff's favor against defendant D-Bar Ranch should be reversed and here rendered in favor of D-Bar Ranch and against the plaintiff. This being the judgment that the trial court should have rendered, it is ordered that this be done.