,CHRISTOPHERSON et al. v.
WHITTLESEY.
No. 4389.

Court of Civil Appeals of Texas. Beaumont.
Oct. 31, 1946.

Rehearing Denied Nov. 20, 1946.

Fauer & Barnes, of Jasper, for appellants.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

COE, Chief Justice.

This is a suit for damages to the appellants, growing out of the collision between an automobile in which the appellants were riding and a passenger bus then being operated by the appellee. Originally, it was filed as two separate suits, one of which was styled W. H. Christopherson, et al. v. Forrest S. Whittlesey, and in which suit W. H. Christopherson was suing in his own behalf for damages to himself and also as next friend in behalf of his minor son, C. R. Christopherson, for damages to said minor son. The second suit was filed by Arthur J. Tuorila against Forrest S. Whittlesey for damages growing out of the same collision. Under order of the court, the two causes were consolidated and tried together under the number and style of the former suit. The cause was tried to a jury and submitted to the jury upon 109 special issues. In answer to the special issues, the jury found appellee guilty of many acts of negligence that were the proximate cause of the collision and the resulting damages to the appellants; further that the collision was an unavoidable accident; and further the jury found that all appellants were guilty of acts of negligence that proximately caused or proximately contributed to cause the collision and resulting damages; the jury also found in answer to special issues that all appellants had suffered injuries and damages from the collision and found the aggregate measure of damages to be $4,900. On the same day, to-wit, March 23, 1946, the verdict was received the court entered judgment that appellants take nothing by their suit. On March 25, which was Monday, the appellants filed their motion for a mistrial on the ground of conflict in the jury's finding and thereafter on the same

day filed their motion for a new trial based on the same grounds. Each of these motions were overruled on March 29, 1946, to which action of the court the appellants gave proper notice of appeal and have perfected such appeal to this court.

Appellants' points of error are predicated upon the action of the court in refusing to enter a mistrial and in overruling their motion for new trial on the ground that the findings of the jury to the effect that both the appellants and the appellee were guilty of various acts of negligence which were a proximate cause of the collision in question and the resulting damages, are in irreconcilable conflict with their finding that the collision in question was an unavoidable accident.

That the finding of the jury to the effect that each party was guilty of negligence, which proximately caused the collision and damages, is in direct conflict with their finding that such collision was the result of an unavoidable accident seems to be well settled by the authorities in this state. 41 Texas Jurisprudence, 1228; Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W. 2d 290; A. B. C. Stores, Inc., v. Taylor, 136 Tex. 89, 148 S.W.2d 392. Appellee takes the position that the trial court properly disregarded the finding of the jury to the effect that the collision in question was an unavoidable accident for the reasons that neither the pleadings nor the evidence raised such an issue. The issue of unavoidable accident was submitted to the jury by the court, without objection by either party either on the ground that it was not supported by the pleadings or the evidence. The appellee having made no objection to the submission of the issue to the jury, he will not now be heard to say that such issue was not raised by the pleadings. Rule 67, Texas Rules of Civil Pro-

cedure; Long v. Mooring, Tex.Civ.App., 183 S.W.2d 232. There was no motion made to the court to enter judgment non obstante veredicto, that is to disregard the finding of the jury to the effect that the collision in question was an unavoidable accident for the reason that the verdict of the jury found no support in the evidence. Had there not been sufficient evidence to support the jury's verdict on that issue, the court doubtless would have had the authority to disregard the same had proper motion been made and notice given as provided for in Rule 301, Texas Rules of Civil Procedure. No such motion having been made, the court was without authority to disregard the finding of the jury on the theory that the finding of the jury found no support in the evidence. Rule 301, supra; D-Bar Ranch v. Maxwell, Tex. Civ.App., 170 S.W.2d 303; Wheeler v. Wallace, Tex.Civ.App., 167 S.W.2d 1043. The several findings of the jury being of equal dignity until set aside under a proper attack, we are of the opinion that the finding that the collision in question was an unavoidable accident had the effect of destroying the finding of the jury that the appellants were guilty of various acts of negligence which were a proximate cause of the collision and resulting damages. The same is true as to the finding of the jury that the appellee was guilty of various acts of negligence which were a proximate cause of the collision in question and the resulting damages. Therefore, we are of the opinion that the trial court was unauthorized to enter judgment for either party upon said verdict, and having overruled appellants' motion for a mistrial the court should have granted their motion for a new trial. For this failure so to do, this cause is reversed and remanded for another trial.

Reversed and remanded.