TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Hubert COLLINS, Appellee.

No. 5294.

Court of Civil Appeals of Texas.

El Paso.

Feb. 11, 1959.

Rehearing Denied March 4, 1959.

**120**

Turpin, Kerr, Smith & Dyer, Midland, for appellant.

Huff & Splawn, Lubbock, for appellee.

ABBOTT, Justice.

This is a workmen's compensation case, in which appellee sued appellant to set aside an award of the Industrial Accident Board. Trial by jury was had in Andrews County and resulted in a judgment for appellee for the maximum amount allowed under the Workmen's Compensation Act, for total and permanent disability. From this judgment appellant, Texas Employers' Insurance Association, has brought this appeal.

Hubert Collins, a Negro laborer 50 years of age, was employed by the B.M.F.P. Construction Company some time in March or April of 1956, at a wage of $1.25 per hour. His duties varied, but part of his work was in helping to carry heavy stone that was being used on the construction of the Andrews County court house. Collins' testimony was that, while lifting stone on August 7, 1956, he injured his back at about ten A. M.; that he continued to work on the same job until noon; and after noon, after telling his employer that he had injured his back, he was given lighter work; that he returned to light work the next day, but had to quit because of the pain, and that the next day, August 9th, he went to a doctor in Lamesa, Texas, his home, and that he did not return to work again. Appellant's testimony controverted the date of injury, the fact that there was any injury, and the extent of the injury, if any.

This case was submitted to the jury in the form of special issues. Appellee had alleged his wage rate under Subsection 1 of the statutory definition of "average weekly wage" (Art. 8309, Revised Civil Statutes of Texas, 1925), and, in the alternative, alleged his wage rate as defined under Subsections 2 and 3 of the statutory definition. The jury brought in a verdict with a finding establishing appellee's wage rate under Subsection 1, submitted in Special Issue No. 13, and finding his average weekly wage to be $57.69 under Special Issue No. 14, not answering Special Issues 15, 16 and 17, dealing with Subsections 2 and 3. The verdict was accepted and filed; but, before the jury was discharged, appellant moved for a mistrial on grounds that no judgment could be entered on the verdict since Special Issue 13 had been answered in the affirmative, contrary to all the proof, as had Special Issue 14. Over the objection of appellant, the trial court then directed the jury further, in writing:

"Ladies and gentlemen of the jury: Based on the evidence before you in this cause, the Court instructs you to disregard and not consider the condition and sentence just above and immediately preceding questions nos. 15, 16 and 17, and to return to the jury room and consider further your verdict." (Signed G. C. Olsen, Judge Presiding.)

(Said condition and instruction being not to answer 15, 16 and 17 if the preceding issue was answered in the affirmative.) The jury negatived Subsection 2 in Special Issue 15, again gave an average weekly wage of $57.69 in Special Issue 16, and then in response to Special Issue 17, found a just and fair average weekly wage rate to both parties to be $50 under Subsection 3. Upon proper motion by appellee, the court ordered that the answers to Special Issues Nos. 13, 14 and 16, being unsupported by the evidence, be disregarded, and granted the appellee's motion to enter judgment, and did enter judgment.

Appellant predicates its appeal on three points of error:

1. The trial court erred in entering judgment for the plaintiff after the jury found, without evidence in support thereof, that the plaintiff had worked substantially

the whole of the year immediately preceding the injury, in the same or similar employment.

2. The trial court erred in refusing the introduction into evidence of the plaintiff's written statement, made without the benefit of medical report, that he had sustained a ruptured intervertebral disc.

3. The trial court erred in expressly permitting the plaintiff's attorney to argue to the jury the inadequacy of the Workmen's Compensation Act.

 The trial court found that there was insufficient evidence to support the findings of the jury in Special Issues Nos. 13, 14 and 16, and a very careful reading of the record reveals the same to us. Under Article 8309, the three methods of establishing the average weekly wage are set out. Subsection 1 must be disproved before Subsection 2 can be relied upon, and both Subsections 1 and 2 must be disproved before Subsection 3 can be employed. We believe that there is ample, uncontradicted testimony, by appellee, corroborated by appellant's witnesses, French, Pigg and Smith, to eliminate Subsection 1, and there is absolutely no testimony that appellee was employed the substantial part of a year in like, or similar, employment. Although the jury found to the contrary, the trial court found that there was no evidence to support the jury's findings and, upon proper motion, disregarded Special Issue No. 13.

Rule 301 of the Texas Rules of Civil Procedure states definitely that the court may, upon proper motion and notice, disregard any special issue jury finding because unsupported by the evidence. In Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970 (Com.App., adopted Sup.Ct. Oct.1936), there is found a clear and concise statement as to the requirements justifying the setting aside of the special issue jury finding. Also, in this connection, see McDonald's Texas Civil Practice, Vol. 4, ¶ 17.32, at 1412 and 1415, where it is stated:

"The procedure fixed by Rule 301 should be followed carefully and the record should reflect this. A written motion seeking the relief is a prerequisite, whether the judgment sought is one disregarding answers to particular issues because unsupported by the evidence (citing Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526, Comm. B 1940; Christopherson v. Whittlesey, 197 S.W.2d 384, Ct.Civ. App. Beaumont, 1946, n. r. e. or is one disregarding the verdict as a whole because an instructed verdict would have been proper."

We find further support of this in Traders & General Ins. Co. v. Milliken, Tex.Civ. App. Amarillo, 1937, 110 S.W.2d 108, at page 112, which was reversed for other reasons; Texas Employers Ins. Ass'n v. Schaffer, Tex.Civ.App. Amarillo, 1942, 161 S.W.2d 328, at page 332, rehearing denied; Traders & General Ins. Co. v. Heath, Tex.Civ.App. Galveston, 1946, 197 S.W.2d 130, at page 134, rehearing denied; Aetna Casualty & Surety Co. v. Davis, Tex.Civ.App. Dallas, 1946, 196 S.W.2d 35, at page 42; Kurtz v. Robinson, Tex.Civ. App. Amarillo, 1952, 256 S.W.2d 1003, at page 1006, rehearing denied.

The record discloses that plaintiff's testimony in regard to Subsection 1, Article 8309, Revised Civil Statutes of Texas, 1925, was that he had worked in his present employment about three and a half months and had spent the balance of the year in cotton picking and other odd jobs, and this was not contradicted by any other witness or attendant circumstances, and, being clear, direct and positive and free from contradictions, inconsistencies and circumstances tending to cast suspicion on it, is sufficient to support the trial court's order to disregard Special Issues 13, 14 and 16 as it did. Employers Liability Assur. Corp. v. Groninger & King, Tex.Civ.App. Dallas, 1956, 299 S.W.2d 175, rehearing denied; Texas Employers Ins. Ass'n v. Rodriguez, Tex.Civ.App. Austin, 1953, 263 S.W. 2d 174, rehearing denied; National Indem-

nity Underwriters v. Blevins, Tex.Civ.App. Eastland, 1939, 129 S.W.2d 734, rehearing denied; Meier v. Thompson, Tex.Civ.App. Waco, 1952, 248 S.W.2d 493, at page 499, rehearing denied.

The second point of error brought by appellant alleges that the trial court erred in refusing the introduction of a copy of the notice of injury and claim for compensation form. An attempt was made to get this identified by the doctor testifying for appellee. The court sustained appellee's objection. Appellant attempted to have this instrument introduced for "all purposes" at a later time, and again appellee's objection was sustained. Appellant was attempting to show that the notice and claim heretofore mentioned was made on September 3, 1956 and stated: "when he felt a burning sensation in low back resulting in rupture and contusions to all the nerves, tendons, muscles, ligaments and intervetebral disc in back and low back", and that appellee was not examined by testifying doctor until a later date, and that the doctor did testify to approximately the same injuries as complained of in the form notice. Appellant contended this testimony by the doctor was an accommodation only, and that the jury should be permitted this information in determining the truth and veracity of both appellee and testifying doctor.

The courts have often held that the notice of injury and claim for compensation filed with the Board may not be introduced in evidence as proof of matters therein stated, as the statements in said documents are hearsay. Texas Employers Ins. Ass'n v. Thames, Tex.Civ.App. Ft. Worth 1951, 236 S.W. 2d 203, at page 204; Uselton v. Southern Underwriters, Tex.Civ.App.1951, 131 S.W.2d 1040; Fidelity Union Casualty Co. v. Cary, Tex.Com.App., 25 S.W.2d 302. It is true that for some specific purposes the introduction of such an instrument is admissible, such as the impeachment of the testimony of the maker thereof; but in this case, the maker of the instrument was never questioned about the report. We believe the trial court was correct in sustaining the objection by the appellee. McCormick and Ray, Texas Law of Evidence, ¶ 12; Wilson v. Avery Co. of Texas, Tex.Civ.App., 182 S.W. 884; Hogan v. Cunningham, Tex.Civ.App. Amarillo, 1954, 278 S.W.2d 265. In carefully reading the cases cited for appellant, we find the situations to be entirely different from this situation, and can find no merit in appellant's second point of error.

Appellant's third point of error, as stated above, complains of a statement made by appellee's attorney during arguments, and we quote:

"And when you come in here and a man is asking you for only 401 weeks at $25.00 per week, and you've got a work record and a boy in the shape that you've seen this boy in and you heard that he was in from other responsible people, I say that the total and permanent disability won't even come close, won't even come close to giving that boy to what he is entitled to, to try to help him over the condition that he is in here today."

Before a judgment is reversed because of argument of counsel, it must be improper and it must be such as to satisfy the reviewing court that it was calculated to, and probably did, cause the rendition of an improper judgment in the case. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Texas Employers Ins. Ass'n v. Butler, Tex.Civ.App. Ft. Worth, 287 S.W.2d 198. Whether the impropriety of the argument probably influenced the jury unfavorably to appellant is to be determined, as a matter of our judgment, in the light of the record as a whole. Texas Employers Ins. Ass'n v. Butler, supra; Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115.

In the Houseman v. De Cuir case, Tex., 283 S.W.2d 732, cited by appellant, as in the Texas Employers Insurance Association

v. Butler, supra (also cited by appellant), the situation complained of was caused principally by the statements of the witness, coupled with improper argument.

 In this case, appellee did not bring out any facts that were not in the record and pleadings. Great latitude is allowed counsel in discussing the facts and issues and in showing the environments of the case. Counsel may comment on the bias or interests of the parties or witnesses, and may discuss the reasonableness or unreasonableness of the evidence, and its probative effect or lack of probative effect; but such latitude extends only to the facts and issues raised by the evidence. Houseman v. De Cuir, supra.

If such argument by counsel in this case was error, we believe it to be harmless error.

Having considered the three points of error brought by appellant, and finding them without merit, we overrule all three points and affirm the judgment of the trial court in all things.