Jimmy W. HARBUCK et ux., Appellants,

v.

Daniel Puente RAMOS, Appellee.

No. 4171.

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1963.

Rehearing Denied Nov. 14, 1963.

Lieck & Lieck, San Antonio, for appellants.

Beckmann, Standard, Wood & Vance, San Antonio, for appellee.

McDONALD, Chief Justice.

Plaintiffs instituted this suit against defendants to recover damages for personal injuries, doctor and medical bills, and automobile damages incurred by plaintiffs as a result of being struck from the rear by defendant's automobile while plaintiffs' automobile was stopped at a red light. Defendant filed a general denial, but prior to trial admitted liability. Trial was on damages only, and was to a jury. The jury, in answer to issues submitted, found:

1) The value of plaintiffs' automobile immediately prior to the collision was $525.

2) The value of plaintiffs' automobile immmediately after the collision was $125.

3) Plaintiff, Jimmy Harbuck, sustained damages of *$100*. (Such damages by the Court's instruction, included physical pain and mental suffering; future physical pain and future mental suffering; and doctor bills).

4) Plaintiff, Mrs. Harbuck, sustained damages of *$150*. (Such damages, by the Court's instruction, included physical pain and mental suffering, future physical pain and future mental suffering; and doctor bills).

The Trial Court rendered judgment for plaintiffs on the foregoing verdict for $650.

Plaintiffs appeal, contending that the jury's answers to issues 3 and 4 award inadequate damages, and are against the great weight and preponderance of the evidence and are manifestly unjust.

Plaintiffs were seated in their car, stopped at a red light, when defendant hit their car in the rear. As a result of the collision, both Mr. and Mrs. Harbuck went to the doctor. Mrs. Harbuck's doctor bill was $110. (which included a $25. charge for a report written for her lawyer). The X-ray taken of Mrs. Harbuck was negative, and a neurological examination was normal. Mrs. Harbuck testified as to considerable pain and suffering. The doctor testified she had no muscle spasm, no hematoma and no contusion. Mr. Harbuck's doctor bill was $85. (which included a $25. charge for a report written for his lawyer). Mr. Harbuck testified as to considerable pain and suffering and that he saw the doctor 4, 5, or 6 times. The doctor testified he saw him only 2 times. X-ray taken of Mr. Harbuck was negative, and a neurological examination was normal. Neither plaintiff required hospitalization, a brace or bandages. There is no evidence of expense of money for medicines. The jury awarded Mr. Harbuck $100. for his injuries, and Mrs. Harbuck $150. for her injuries. No complaint is made of the $400. awarded for damages to the plaintiffs' automobile.

The jury heard the testimony of plaintiffs, and of the medical witness, observed their demeanor and conduct on the witness stand, and having carefully weighed the testimony, returned their finding into court. The credibility of witnesses, and the weight to be given their testimony are questions for the jury. This is especially true with respect to testimony of parties or other persons interested in the litigation. Matters of pain and suffering, and future pain and suffering, are necessarily speculative, and it was peculiarly within the province of the jury to resolve these matters, and set the amount of such damages.

From the record as a whole, we are unable to say that inadequate damages were awarded, or that the findings of the jury are against the great weight and preponderance of the evidence.

Plaintiffs' points and contentions are overruled, and the judgment of the Trial Court is Affirmed.