Jane RUFFO et al., Appellants,

v.

Charles WRIGHT et al., Appellees.

No. 14663.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 28, 1968.

Michael Rizik, Tinsman & Cunningham, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, Edward R. Finck, Jr., San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, Jane Ruffo and Lillian Ruffo, brought this suit to recover damages from appellees, Charles Wright and Juan Antonio Saucedo, sustained when a panel truck owned by Wright and operated by his employee, Saucedo, ran into the rear end of an automobile being operated by Mrs. Jane Ruffo and occupied also by Miss Lillian Ruffo. Judgment was rendered on a jury verdict whereby Mrs. Jane Ruffo recovered the sum of $55.00 and Miss Lillian Ruffo recovered the sum of $30.00.

■ Appellants assert jury misconduct by their first point, alleging that the jury reached its verdict on the two damage issues by a quotient method. An essential element to establish such jury misconduct is that the jurors must agree in advance to be bound by the average or quotient result. Houston Lumber Supply Co. v. Wockenfuss, 386 S.W.2d 330 (Tex.Civ. App.—Houston 1965, writ ref'd n. r. e.); Morgan v. State, 343 S.W.2d 738 (Tex.Civ. App.—El Paso 1961, writ ref'd n. r. e.); Western Cotton Oil Co. v. Mayes, 245 S.W.2d 280 (Tex.Civ.App.—Eastland 1951, no writ); Caraway v. Behrendt, 224 S.W. 2d 512 (Tex.Civ.App.—San Antonio 1949, no writ).

■ The trial judge overruled the motion for new trial and, in the absence of written findings of fact, it is presumed that he found there was no agreement in advance to be bound by the result reached by addition of the twelve suggested amounts and a division of the total by twelve. Brawley v. Bowen, 387 S.W.2d 383 (Tex.Sup.1965). Such an implied finding is fully supported by the testimony of the four jurors who testified at the hearing on motion for new trial. In fact, their uncontradicted testimony is that there was no such agreement, but the quotient or average result was used as a starting point for the jury's discussion of damages. This does not establish jury misconduct.

Appellants' remaining points assert that the jury's answers to the damage issue for each are too small and so against the great weight and preponderance of the evidence as to be manifestly unjust. The jury was instructed to take into consideration only the physical pain and mental suffering in the past and that which said party in reasonable probability would suffer in the future. As to appellant Mrs. Jane Ruffo the jury was instructed to exclude such physical pain and mental suffering which was proximately caused by a prior collision of a similar nature in November, 1963, and also any compensation for the arthritic condition which she had prior to the accident sued upon, unless same was aggravated.

This rear-end collision occurred after both vehicles were stopped for a traffic light. Appellee Wright's panel truck, which was stopped three to four feet behind appellants' vehicle, was not running properly and therefore Saucedo kept it idling very fast. As a result, the truck jumped forward when the clutch was released and hit appellants' vehicle. Minor damage only was done to the rear of appellants' vehicle and it was not knocked into the car which was only two feet in front, in fact, Miss Lillian Ruffo testified it did not move at all. Neither appellant sustained any visible injury or required any hospitalization. Each appellant complained at the trial of pain in her neck and shoulder as well as headaches.

Dr. Robert Hardy, a medical doctor specializing in neuro-surgery, testified on behalf of appellants. He had treated Mrs. Jane Ruffo for similar complaints after a rear-end collision in November, 1963, which also resulted in litigation. He saw Mrs. Ruffo on several occasions after the March, 1966, accident, the last time being on June 2, 1966. He diagnosed her condition as a strain of neck muscles with some degree of post-traumatic nervousness. He admitted that the neurological examination was normal, that she had no muscle spasm on his examinations, and that his diagnosis was based on Mrs. Ruffo's subjective complaints. She had a condition of long-standing degenerative osteo-arthritis and in his opinion the accident did not aggravate this condition.

Dr. Hardy made an examination of Miss Lillian Ruffo on March 19, 1966, and although her neurological examination was normal and she had no muscle spasm, he diagnosed her condition as a musculo-ligamentous strain. This diagnosis was also based entirely upon her subjective complaints. Miss Lillian Ruffo testified

that she saw Dr. Joseph Burk, a general practitioner, with an office near where she worked, on eight or nine occasions after she was examined by Dr. Hardy. Dr. Burk testified in her behalf that he found muscle spasm in the upper part of her back and diagnosed her condition as that of severe occipital neuralgia bilaterally and a severe sprain of her neck and upper back. He had not seen her since July 15, 1966. It was shown on cross-examination that he knew of this pending suit when he made his examinations and that he had treated other clients of appellants' attorney. The X-ray examination made by Dr. Burk was negative for injury, but her complaints were consistent with a whiplash injury.

The applicable rule is stated in Adams v. Houston Belt & Terminal Ry. Co., 405 S.W.2d 838 (Tex.Civ.App.—Houston 1966, no writ), as follows: "This Court has the power to grant a new trial where the finding of the jury or the court is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, but we are not authorized to substitute our judgment for that of the jury or the court simply because we might have reached a different conclusion on the facts."

Matters of pain and suffering, and future pain and suffering, are necessarily speculative, and it is peculiarly within the province of the jury to resolve these matters and set the amount of such damages. Here the extent of the injury from this very minor collision is based almost entirely upon the testimony of appellants. Their credibility and the weight to be given their testimony are questions within the province of the jury. We cannot say from an examination of this record that inadequate damages were awarded either appellant or that the finding of the jury as to the amount awarded either is so against the great weight and preponderance of the evidence as to be manifestly unjust. Armstead v. Harvey, 390 S.W.2d

871 (Tex.Civ.App.—Texarkana 1965, no writ); Harbuck v. Ramos, 371 S.W.2d 912 (Tex.Civ.App.—Waco 1963, no writ); Williams v. Macatee, Inc., 371 S.W.2d 736 (Tex.Civ.App.—Fort Worth 1963, no writ); McDonald, Texas Civil Practice, § 18.15.

The judgment is affirmed.