George E. GUCKIAN et ux., Appellants,

v.

Mrs. Hugh FOWLER, Appellee.

No. 536.

Court of Civil Appeals of Texas,
Corpus Christi.

April 16, 1970.

Rehearing Denied May 7, 1970.

Stone, Luther & Dyer, Curtis B. Dyer, Corpus Christi, for appellants.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, James W. Wray, Jr., Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This suit was instituted by George Guckian and wife, Frances Guckian, appellants, against Mrs. Hugh Fowler, appellee, for damages on account of personal injuries to Mrs. Guckian and property damages to appellants' automobile resulting from a collision in Corpus Christi, Texas, on August 2, 1968, between an automobile operated by Mrs. Fowler and the car being driven by Mrs. Guckian.

The court submitted eight special issues to the jury, the first seven relating to liability and the eighth to damages. The jury refused to find that Mrs. Fowler was negligent and answered the damage issue in the amount of $3000.00. The parties stipulated that appellants suffered property damage to their automobile in the amount of $153.47. Upon motion of the appellee under Rule 301, Texas Rules of Civil Procedure, the trial court disregarded the answers to three special issues concerning liability, found that Mrs. Fowler under undisputed evidence and as a matter of law was guilty of negligence proximately causing the collision and damages to appellants, and rendered judgment for appellants in the amount of $3,153.47. From that judg-

ment in their own favor, plaintiffs-appellants have perfected this appeal contending that they are entitled to a new trial because of various alleged errors of the court below.

By eight points of error appellants assert in substance that the trial court erred as follows: (1) In granting appellee's motion to disregard the jury answers to the special issues concerning liability and that judgment be entered for appellants in the amount of $3,153.47. (2) In denying appellants' motion in limine concerning a prior accident and injury involving Mrs. Guckian. (3) In refusing appellants' requested instruction to the jury to disregard testimony concerning said prior accident and injury. (4), (5) and (6), In refusing to grant appellants' motion for instructed verdict on the liability issues of appellee's failure to keep a proper lookout, failure to make proper application of her brakes, and changing lanes when such movement could not be made in safety, along with the companion issues of proximate cause in each instance. (7) In accepting the jury verdict and entering judgment thereon, and (8) In overruling appellants' motion for additur.

Appellants' first point of error reads as follows:

"That the Court erred in granting the Defendant's (appellee's) Motion to Disregard Answers to Special Issues for Judgment for the reason that:

(a) such Motion is in the nature of a confession of judgment after a jury verdict and comes too late; and,

(b) granting such a Motion severs the indivisible issues of liability and damages; and,

(c) granting such a Motion forces the Plaintiff to accept the damages found by the jury when entitled to a new trial on all of the issues."

The basic facts are undisputed. On the afternoon of August 2, 1968, in Corpus Christi, Texas, Mrs. Frances Guckian was

operating her automobile on Kostoryz Street in her right-hand lane, travelling generally in a southerly direction, and at its intersection with McArdle Street stopped in obedience to a red signal light. Mrs. Fowler was operating her car in the same direction on Kostoryz Street behind the Guckian vehicle and just prior to the collision changed from an inside lane to the curb or right-hand lane of that street. Mrs. Fowler testified that she did not see the Guckian vehicle until she changed lanes, that she applied her brakes but nevertheless collided with the rear of the Guckian car.

After the close of the evidence appellants moved for instructed verdict on the issues of liability, asserting in substance that the evidence conclusively established that Mrs. Fowler was negligent (1) in failing to keep a proper lookout, (2) in failing to make proper application of her brakes, and (3) in changing lanes at a time when such could not be done with safety, and that such negligence in each instance was a proximate cause of the collision and injuries to Mrs. Guckian. That motion was overruled. The above-mentioned three issues were submitted to the jury as special issues 1, 3 and 5 and were answered favorably to appellee. The jury thus refused to find that Mrs. Fowler was negligent in any of the three respects mentioned. The other issues involving the remaining elements of liability were conditionally submitted and not answered by the jury.

The verdict was returned on June 3, 1969. On June 18, 1969, appellants filed motion for mistrial which contained five grounds. The first three grounds asserted that the trial court erred in refusing to grant appellant's motion for instructed verdict because the three issues of liability, above-mentioned, and the companion issues of proximate cause were conclusively established in appellants' favor. The fourth and fifth grounds asserted error in refusing appellants' motion in limine and a requested jury instruction concerning prior accidents and injuries of Mrs. Guckian.

On July 1, 1969, appellee filed "motion to disregard answers to special issues and for judgment" reading as follows:

"I.

COMES NOW the defendant, Mrs. Hugh Fowler, and pursuant to the provisions of Rule 301, Texas Rules of Civil Procedure, respectfully moves the Court to disregard the jury's answers to Special Issues Nos. 1, 3 and 5 for the reason that the same are not supported by any evidence.

II.

In view of the position taken by the plaintiff in her Motion for Mistrial that under the undisputed evidence and as a matter of law this defendant failed to keep a proper lookout, which was proximate cause of the accident, and failed to make proper application of her brakes, which was a proximate cause of the accident, and changed lanes when such movement could not be made with safety, which was negligence and was a proximate cause of the accident, this defendant respectfully moves the Court to enter judgment for the plaintiff in the total sum of $3,153.47, which is the amount of damages found by the jury in response to Special Issue No. 8, plus the stipulated amount of property damage, and the defendant hereby attaches to this motion and tenders to the Court a form of judgment."

On September 18, 1969, the trial court rendered judgment which, among other things, recited that appellants' motion for mistrial was overruled and that the motion of appellee to disregard the jury findings on special issues 1, 3 and 5 was granted; that liability of appellee was established as a matter of law; and provided that appellants recover judgment against appellee in the amount of $3,153.47.

Appellants also filed "Motion for additur under Rule 301, T.R.C.P." (which ac-

cording to the transcript was filed on September 22, 1969) which *alternatively* requested the court in the event appellants' motion for mistrial was overruled and appellee's motion for judgment granted, to require an additur so that appellants' total recovery would be $7,827.00.

In support of the contentions made under their point one, appellants rely upon the cases of Eubanks v. Winn, 420 S.W.2d 698 (Tex.Sup. 1967) and Colom v. Vititow, 435 S.W.2d 187 (Tex.Civ.App., Houston 14th, 1968, wr. ref. n.r.e.). In Eubanks v. Winn, 420 S.W.2d 698 (Tex.Sup. 1967) the jury refused to find negligence on the part of the defendant. The plaintiffs first moved to disregard the jury's answers in such respect and for a mistrial, or in the alternative, after disregarding such findings, for judgment on the answers to the damage issues. The plaintiffs' motions were overruled and the court entered judgment that plaintiffs take nothing. Plaintiffs then filed original and amended motions for new trial. Before these were ruled upon, defendant moved to set aside the judgment previously entered in his favor and to enter judgment in favor of plaintiffs in the amount of damages found. Defendant waived the jury findings favorable to him on the liability issues and moved the court not to consider the answers of the jury on the liability issues. The order entered by the trial court reflected that it had been the intention of the court to sustain plaintiffs' amended motion for new trial on certain grounds but instead, in view of defendant's motion, decided to vacate the first judgment because the defendant "waived the advantage gained by the 'we do not' answers of the jury to Special Issues Nos. 1, 3 and 5 and consented to and moved the court to enter judgment for plaintiffs for the amount of damages found by the jury. * * *" In Eubanks v. Winn the defendant did not move to disregard but merely "waived" the findings of the jury. The order entered by the trial court reflected that this motion "had the effect of admitting liability and con-

fessing judgment." The Court of Civil Appeals affirmed. The Supreme Court reversed and remanded the cause to the district court, holding that judgment rendered pursuant to the procedure followed was error. The Court gave two reasons for its decision: First, it concluded that the order entered by the trial court attempted to grant a new trial on the issues of liability alone. Such a division of the issues of liability and damages was precluded by the Supreme Court's earlier decisions in Waples-Platter Co. v. Commercial Standard Insurance Company, 156 Tex. 234, 294 S.W.2d 375 (1956) and Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648 (1958). The second reason for reversal given by the Supreme Court was that there is no provision in Texas practice allowing a defendant to confess judgment after verdict, if the verdict is supported by some evidence. It held that although a defendant could confess liability and try a case on damages alone, he was not entitled to "waive" favorable liability findings in order to take advantage of a desirable damage finding. The Court expressly pointed out, however, that the case did not come under the provisions of Rule 301, saying:

> "Nor was the judgment correctly entered under Rule 301, Texas Rules of Civil Procedure. That rule provides that upon motion and notice given, judgment may be entered notwithstanding the verdict or upon disregarding one or more special findings. A judgment notwithstanding the verdict is authorized under Rule 301 only when a directed verdict would have been proper; and special issue findings may be disregarded which are immaterial or have no support in the evidence. It clearly appears that an instructed verdict *would not have been proper in this case*; and there is evidence to support the answers to the material liability issues which were disregarded."

The opinion makes it clear that if a directed verdict had been proper originally, upon proper motion and notice under Rule 301 the trial court would have been entitled

to disregard the liability issues and enter judgment on the remaining portion of the verdict.

█ What was lacking in Eubanks v. Winn to make the case a proper one for entry of judgment under Rule 301 is present in the instant case. At the closing of all the evidence, appellants moved for instructed verdict, contending that there was "no evidence" to justify submission of the liability issues to the jury and that they were conclusively established in favor of appellants. Their position is the same in this Court. We have reviewed the evidence and agree with appellants' no evidence contentions. It thus appears here that since an instructed verdict would have been proper, judgment under Rule 301 was also proper.

The decision in Colom v. Vititow, 435 S.W.2d 187 (Tex.Civ.App., Houston 14th, 1968, wr. ref. n.r.e.) also recognizes the propriety of the procedure followed in this case. In the cited case the jury found that the plaintiff was contributorily negligent in failing to keep a proper lookout. The defendant filed a Motion for Entry of Judgment, in which he attempted to "waive" the answers of the jury to the contributory negligence issues and at the same time to have the Court enter judgment on the remaining findings. The defendant did not move the Court to disregard the contributory negligence findings of the jury on the basis that there was no evidence to support them. For that reason, the Court of Civil Appeals reversed and remanded. The Court held that there was no evidence to submit the contributory negligence issues, and that upon proper motion and notice the case would have been a proper one for rendition of judgment under Rule 301. There was not, however, such motion and notice. The Court held in part as follows:

"We are familiar with the rules announced by the Supreme Court in Eubanks v. Winn, supra. In that case a confession of liability was made by defendant over the objections of the plaintiffs after the jury verdict, in order to

prevent the granting of a new trial. The court held that such confession of liability came too late. Moreover, the trial court in that case was not authorized to enter judgment under Rule 301, because there was evidence to support the answers to the material liability issues which the trial court disregarded. Here there is no evidence to support special issues 7 and 8, and the trial court, on sufficient motion and notice, could have disregarded the issues.

\*      \*      \*      \*      \*

It is true that a motion to disregard one or more special issues is necessary, and the motion must be directed to the objectionable issues and point out the reason or reasons why they should be disregarded. This is clearly the meaning of Rule 301, T.R.C.P.; Christopherson v. Whittlesey, 197 S.W.2d 384 (Tex.Civ.App.), writ ref. n.r.e.; D–Bar Ranch v. Maxwell, 170 S.W.2d 303 (Tex.Civ.App.), writ ref., w.o.m.; Jinks v. Whitaker, 195 S.W.2d 814, 817 (Tex.Civ.App.), at 145 Tex. 318, 198 S.W.2d 85; McDonald, Texas Civil Practice, Vol. 4, Sec. 17.32, p. 1415; Texas Employers' Ins. Ass'n. v. Collins, 321 S.W.2d 119, 121 (Tex.Civ. App.), writ ref., n.r.e." (435 S.W.2d at pp. 190, 191).

█ In the instant case, appellants do not deny that they would have been able to move successfully to disregard the jury's findings as to the liability issues and for judgment against appellee in the amount of the damages found. Such a motion would have been successful because it is provided for in Rule 301. Appellants' principal complaint here seems to be that appellee rather than appellants made the motion to disregard. There is nothing in Rule 301 or the cases construing it which limits the right to move to disregard jury findings to the party against whom the unsupported issues were found. See Saper v. Rodgers, 418 S.W.2d 874, 877 (Tex.Civ.App., Houston 1st, 1967, writ ref. n.r.e.). In that case the appellant asserted error because the trial court entertained a motion by the

defendants to disregard the jury answers absolving them of liability. The Court held in part as follows:

"Appellants urge that the court erred in acting upon the motion to disregard the issues in question since the court had no authority to act on its own motion, and since the issues were answered in favor of the movant.

Rule 279, Texas Rules of Civil Procedure, provides: '* * * A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party.' Neither this rule nor Rule 301, T.R.C.P., authorizing the trial court to disregard a special issue jury finding having no support in the evidence, requires that the motion be made by a party only if the answer is unfavorable. No case has been cited deciding the question. The Rules are not so ambiguous as to require interpretation and we decline to add to them words not found therein. The trial court did not err in entertaining the motion."

■ In Eubanks v. Winn, supra, the defendant did not move to disregard under Rule 301, and if he had, the motion was not good because there was some evidence to support the jury's verdict on the liability issue. In Colom v. Vititow, supra, although there was no evidence to support the jury's answers to certain contributory negligence issues, the defendant did not make a proper motion under the rule. In neither case were the prerequisites of Rule 301 present. However, in both cases, the Court recognized that if there were no evidence to support the liability issues, and a proper motion were made under Rule 301, the court would be authorized to disregard the issues and enter a judgment in the amount of damages found by the jury. Both of these requirements are present in the case at bar. There is no dispute here that plaintiffs-appellants are entitled to

judgment as a matter of law on the liability issues or as to the sufficiency of appellee's motion and hearing under Rule 301. In granting appellee's motion, the trial court followed not only the plain language of the Texas Rules of Civil Procedure, but the interpretation of the Supreme Court in Eubanks v. Winn, supra, and the holdings in Colom v. Vititow, supra. Appellants' point one is overruled.

Appellants' point two asserts that the trial court erred in denying appellants' motion in limine concerning a prior accident and injury involving Mrs. Guckian and their point three asserts error in the refusal of their requested instruction to disregard testimony concerning the same. In Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331 (Tex. Sup.1963), the trial court refused to grant the plaintiff's motion in limine regarding evidence of prior claims and injuries. The Court of Civil Appeals held that such refusal was error, and reversed and remanded. The Supreme Court reversed the Court of Civil Appeals on that point and discussed the status of the motion in limine as follows:

"We held in Bridges v. City of Richardson, [163] Tex. [292], 354 S.W.2d 366 (1962), that a party need not file a motion in limine in order to preserve the right to appellate complaint after erroneous admission of evidence. Proper objection made at the time of the offer of the evidence is sufficient. We stated that the purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury. It seems that the converse of our holding in the Bridges case is that although the overruling of a motion in limine may be error, it is never reversible error.

"If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that

time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."

■ In the present case the record reflects that appellants themselves elected to offer testimony concerning the prior accident. Mrs. Guckian initially testified concerning it on direct examination. She was thereafter cross-examined on the subject by counsel for appellee at which time counsel for appellants objected. Appellants are not now in position to complain because the trial court allowed appellee to cross-examine concerning the matters voluntarily developed by appellants and the trial court properly overruled appellants' objections to such cross-examination. Appellants' point two is overruled.

■ Appellants' point three is also without merit. Appellants' requested instruction to disregard the evidence as to prior accidents or injuries involving Mrs. Guckian is not in the record and nothing is presented for review.

■ Appellants' points of error four, five and six assert in substance that the trial court erred in refusing their motion for instructed verdict on the liability issues after the close of the evidence and that such action constitutes reversible error which requires the case to be remanded for a new trial. That position is not well taken for the reason that any error of the trial court in such respect was cured because of the subsequent action of the trial court in disregarding the jury findings on the liability issues pursuant to appellee's proper motion to disregard under Rule 301, T.R.C.P., and that judgment be rendered for appellants in the amount found by the

jury in answer to the damage issue and the additional amount stipulated by the parties. See Wampler v. Harrington, 261 S.W.2d 883 (Tex.Civ.App., Texarkana, 1953, wr. ref. n.r.e.); Peacock v. Harrison, 189 S.W.2d 500 (Tex.Civ.App., Austin, 1945, n. w.h.). Appellants' points four, five and six are overruled.

Appellants' point seven asserts that the trial court erred in accepting the verdict and rendering judgment thereon. Subdivisions (a) through (i) of that point all relate to the findings of the jury on the liability issues which were ultimately disregarded. Our preceding discussion and holdings under appellants' points one, four, five and six are equally applicable to appellants' contentions under the above-mentioned subdivisions of point seven and we overrule the same.

Subdivisions (j), (k) and (l) of appellants' point seven read as follows:

"(j) the damages found by the jury are grossly inadequate contrary to the overwhelming weight and preponderance of the evidence; and

"(k) there is insufficient evidence to support the grossly inadequate damages found by the jury; and

"(l) there is no evidence to support the grossly inadequate damages found by the jury."

Appellants' point eight asserts that the trial court erred in overruling their motion for additur. That motion in substance was based on the theory that medical expenses for Mrs. Guckian to the date of trial were undisputedly shown to be in the amount of $1,818.00; that appellants stipulated the property damages amounted to $154.00 (actually $153.47); that Mrs. Guckian's loss of wages to date of trial amounted to $855.00 (the above three amounts aggregating $2,827.00); and that Mrs. Guckian had additionally sustained intense pain and suffering in the past which would continue into the future. Appellants' argument under their point eight and subdivisions (j),

(k) and (l) of point seven are based upon the claimed inadequacy of the damages found by the jury.

The testimony of Mrs. Guckian reflects in part the following: After the accident on Friday, August 2, 1968, Mrs. Guckian telephoned her husband who took her to the emergency room of the Spohn Hospital, where she was met by Dr. Sterling Martin. She was x-rayed, given a shot and sent home. The next morning (Saturday) she did not go to work because of pain in her neck and back. That night she called Dr. Martin who sent out more pain medicine. The following Tuesday she was sent to the hospital by Dr. Martin and remained there until Friday afternoon. More x-rays were taken and she was given medication for pain. When she was released the doctor did not prescribe treatment other than medication. Mrs. Guckian returned to Dr. Martin and on October 7, 1968, was referred to Dr. George Barnes, an orthopedist. She saw Dr. Barnes sixteen or more times. He treated her neck and low back and prescribed therapy, traction, drugs and medicine. She lost seven weeks' time from her employment at Suburban Foodtown, a grocery supermarket. Her chief complaints at the time of trial were pain in her back, neck, left shoulder and arm, headaches, inability to perform household duties, and in connection with her employment to lift objects and do the same work as before. She said that since the accident she performs work at Suburban Foodtown of a different type which is less strenuous than that done before. The evidence shows that Dr. Martin died on November 8, 1968. Thereafter, on February 20, 1969, Mrs. Guckian went to see Dr. Schulze, former partner or associate of Dr. Martin, complaining of difficulty with her nerves and shortness of breath. She was then hospitalized for a period of about fourteen days until March 4, 1969. Mrs. Guckian also testified concerning her involvement in an automobile accident in March 1968. She said she hit her chin on a little girl's head, cut the inside of her lip and hurt her right hip on a box type purse. She was treated by Dr. Schulze and lost one day's work on account of that accident.

Doctors Schulze and Barnes testified at length on the trial of the case. Dr. Schulze's testimony was given partly by deposition. Dr. Schulze testified in part that on February 20, 1969, Mrs. Guckian complained of substernal chest pain, difficulty in breathing and a burning in the substernal area of the chest. He put Mrs. Guckian in the hospital for an evaluation of her pain. After various laboratory procedures and tests, her condition was diagnosed as acute esophagitis, which means irritation of the lower end of the esophagus. He took a history from her but Dr. Schulze said that the automobile accident of August 1968 was not a part of the history for her then illness. However, Dr. Schulze noted that Mrs. Guckian "Has been under the care and treatment of Dr. George Barnes recently of a whip lash injury of her neck. This has improved remarkably." Dr. Schulze examined Mrs. Guckian's head and neck and found she had a good range of motion, no stiffness and good flexion. He did not find any tenderness in her neck and shoulder area. He found no complaints as to the low back or the lumbo-sacral area. There was complaint as to the left chest wall. Dr. Schulze refused to give an opinion that the last hospitalization of Mrs. Guckian was caused by the accident or resulting tension and discomfort on account of it, but said it could have been. While Mrs. Guckian was in the hospital the second time, Dr. Schulze advised Dr. Barnes of that fact and of her complaints. Dr. Barnes said he did not need to see Mrs. Guckian and did not do so. Dr. Schulze further testified that Mrs. Guckian was a nervous person and he had treated her for that condition as early as 1967.

Dr. George Barnes' testimony was generally favorable to appellants as to Mrs. Guckian's complaints and conditions and their relationship to the accident. How-

ever, he testified that although he knew Mrs. Guckian was in the hospital in February and March 1969, he did not see or examine her. He said he studied her x-rays and felt they were not related to orthopedics.

The jury could have concluded from the testimony of Doctors Barnes and Schulze, taken along with that of Mrs. Guckian, Mr. George Guckian, her husband and Mr. George Harris, employer of Mrs. Guckian that the medical expenses incurred after August 2, 1968 to a considerable extent were not related to the accident here in question. There was substantial evidence tending to show that much of the medical expense incurred by appellants was attributable to other conditions of Mrs. Guckian, particularly that of acute esophagitis, and also by nervous trouble which existed prior to the collision of August 2, 1968 and for which she had been treated as early as 1967. The jury could also have concluded that some of the pain and suffering claimed by Mrs. Guckian and part of the time she did not work were related to conditions other than those caused by such accident.

The applicable rules are stated in Ruffo v. Wright, 425 S.W.2d 663 (Tex.Civ.App., San Antonio, 1968, n.w.h.). There the plaintiffs were seated in an automobile stopped at a traffic light when it was struck from the rear by defendant's panel truck. Damage to the automobile was light. Both plaintiffs complained of neck and back pain and headaches. Both plaintiffs were treated by two different physicians on several occasions, and introduced medical testimony at the trial. The first was diagnosed as having strain of the neck and muscles and post-traumatic nervousness. A doctor testified that the second plaintiff had muscle spasm in the upper back, severe occipital neuralgia bilaterally, and a severe strain of the neck and upper back. On appeal, the plaintiffs complained that the jury's answers to the damage issues ($35.00 for one plaintiff and $55.00 for the other) were inadequate.

The Court of Civil Appeals held in part as follows:

"Matters of pain and suffering, and future pain and suffering, are necessarily speculative, and it is peculiarly within the province of the jury to resolve these matters and set the amount of such damages. Here the extent of the injury from this very minor collision is based almost entirely upon the testimony of appellants. Their credibility and the weight to be given their testimony are questions within the province of the jury. We cannot say from an examination of this record that inadequate damages were awarded either appellant or that the finding of the jury as to the amount awarded either is so against the great weight and preponderance of the evidence as to be manifestly unjust. Armstead v. Harvey, 390 S.W.2d 871 (Tex.Civ.App.—Texarkana 1965, no writ); Harbuck v. Ramos, 371 S.W.2d 912 (Tex.Civ.App.—Waco 1963, no writ); Williams v. Macatee, Inc., 371 S. W.2d 736 (Tex.Civ.App.—Fort Worth 1963, no writ); McDonald, Texas Civil Practice, § 18.15."

Although the evidence would have supported a larger recovery, we cannot say from an examination of the entire record in this case that the evidence is legally or factually insufficient to support the jury answer to special issue No. eight in the amount of $3,000.00, and that such award of damages is grossly inadequate. Appellants' contention that the trial court should have granted an additur and rendered judgment in favor of appellants for $7,827.00 is not well taken. If the award of damages made by the jury was clearly inadequate the trial court had the power to set it aside. See 17 Tex.Jur.2d, Damages, Sec. 353, and cases therein cited. But in such event, the inadequate award of unliq-

**332**

uidated damages could be corrected only by granting a new trial and not by way of additur based upon a finding of the court. Rule 328, T.R.C.P. Appellants' points seven and eight are overruled.

The judgment of the trial court is affirmed.

NYE, Justice (concurring).

The only statutory ground for a new trial is "good cause". The application proceeds upon equitable grounds. All of the authorities in Texas agree, however, that a trial court has an inherent power to grant a new trial. If a lower court thinks that the ends of justice have not been obtained by the jury, it is then clearly its duty to set aside the judgment rendered. Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764 (Tex.Com.App.1933, opinion adopted).

All of the parties, the trial court and this Court, agree that the jury was wrong in answering "No" to the three special issues inquiring as to specific acts of negligence. Everyone agrees that the jury was wrong in failing to answer the three special issues inquiring as to proximate cause. I believe the evidence shows that the jury was equally motivated in assessing the damages (the only other issue submitted).

On appeal the jury's answer must stand if there is evidence to support it. Additur is not authorized by any statute or rule. In such a situation, in the interest of justice, only the trial court could have granted a new trial. Its power in this respect is unsurpassed. See Allan v. Materials Transportation Company, 372 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1963), at 747, and authorities cited therein.

We are not permitted to substitute our judgment for the discretion granted to the trial judge. I therefore concur in the result.