LANEY et al. v. HARDY.

No. 5008.

Court of Civil Appeals of Texas.

El Paso.

Feb. 17, 1954.

Rehearing Denied March 10, 1954.

Walker F. Means, Pecos, for appellants.

McDonald & Shafer, Odessa, J. H. Starley, Pecos, for appellee.

McGILL, Justice.

This was a suit by appellants against appellee for damages for personal injuries sustained in a motor vehicle collision. Separate suits were filed by Leroy Laney, a minor, by his next friend Albert Holdman, and by Guy Davis, against L. E. Hardy as defendant. These suits grew out of the same collision and were by the court consolidated. On trial the jury answered special issues favorable to plaintiffs insofar as they showed liability of defendant to plaintiffs for the damages suffered by them. The jury fixed the damages suffered by the plaintiff Leroy Laney at $126, and the damages suffered by the plaintiff Guy Davis at $250.

Appellants' points raise the question that the amounts awarded for damages are totally inadequate to compensate either of appellants for the injuries actually sustained by them, and that therefore the court erred in failing to set the verdict of the jury aside and grant a new trial.

We have read the entire statement of facts. There is no question but that the appellant Leroy Laney suffered a broken jaw which necessitated that he wear a brace for approximately a month and that his dentist bill for services rendered in this connection was $125. Of course it is seldom that an appellate court will set aside a verdict of a jury for inadequacy of damages. The rule which controls in such cases is stated by Southerland on Damages and has been frequently quoted by our courts:

"Where there is not a legal measure of damages, and where they are unliquidated, and the amount thereof is referred to the discretion of the jury, the court will not ordinarily interfere with the verdict. It is the peculiar province of the jury to decide such cases under appropriate instructions from the court, and the law does not recognize in the latter the power to substitute its own judgment for that of the jury. Although the verdict may be considerably more or less than in the judgment of

the court it ought to have been, still it will decline to interfere unless the amount is so great or small as to indicate that the jury must have found it while under the influence of passion, prejudice, or gross mistake."

See Allison v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 29 S.W. 425; Farley v. Missouri K. & T. Ry. Co., 34 Tex.Civ.App. 81, 77 S.W. 1040, writ refused. See also 31 Tex.Jur. p. 71, Sec. 62. There is no evidence as to the amount that the appellant Leroy Laney incurred for doctor and hospital expenses. The evidence does show that he was making approximately fifty dollars a week prior to the accident and that he was unable to work for a period of as least five weeks. Under these circumstances we think that the verdict is entirely inadequate. It is shocking to the conscience of the court and it should not be permitted to stand.

■ As to appellant Guy Davis it requires the testimony of Dr. Oehlschlager in order to show the extent of his injuries. The jury had the right to disbelieve this doctor's testimony in its entirety, and they evidently did disbelieve it. We find no evidence of prejudice in the statement of facts other than the size of the verdict. The appellee makes a counterpoint that the verdict of the jury as to the amount of damages should be sustained because it is apparent that the jury concluded that the liability of defendant was questionable. We think this is not the law. The citation in support of this proposition is Tex.Jur. Vol. 31, p. 71. No such rule is there announced, and we think it is not the law. It is our view that once the jury has determined liability that the fact that they were doubtful as to their correctness in this regard should have no bearing on the question of damages to be assessed.

It is our conclusion that the judgment in favor of appellant Laney should be set aside and the case as to him remanded for a new trial, and that the judgment as to appellant Guy Davis should be and it is affirmed.

It is so ordered.