Ruben ARMSTEAD et al., Appellants,

v.

Eula HARVEY, Appellee.

No. 7634.

Court of Civil Appeals of Texas.

Texarkana.

May 11, 1965.

Thomas J. Cook, Cook & Booth, Dallas, for appellants.

Webber W. Beall, Jr., Touchstone, Bernays & Johnston, Dallas, for appellee.

CHADICK, Chief Justice.

This is a tort case, the suit followed an automobile collision. The judgment of the trial court is affirmed.

The jury answered two damage issues in amounts unsatisfactory to the plaintiffs in the trial court and reversal of the judgment entered is sought on the grounds that the damages assessed in each instance was inadequate and contrary to the great weight and preponderance of the evidence. The two special issues were in conventional form. The jury was instructed to fix the monetary value of past and future mental and physical pain and suffering, expense of medical treatments, loss of earnings, and loss of services in the home. The jury valued plaintiffs Ruben and Queen Armstead's damage at $230.00 and plaintiffs Nathaniel and Doris Buford's damage at $95.00.

In brief, the appellants' case for inadequacy of the award to Nathaniel and Doris Buford is supported by argument that the verdict of $95.00 is precisely the amount of medical expense proven, and that nothing was allowed for other elements of damage. Substantially the same reasoning is advanced with respect to Ruben and Queen Armstead's recovery, though it is conceded that the verdict is in excess of proven medical expense by some $85.00. This latter amount is condemned as totally inadequate for pain and suffering, time lost from daily work, and cost of medication.

■ The jury's answers to negligence issues were favorable to the appellants as plaintiffs below. In the trial court the defense exploited a theory that the collision was nothing more than a slight striking together of the bumpers of the two cars involved. The theory subsumes that evidence of a feeble bump warrants an inference that no substantial injury could have been inflicted and is a refutation that injury was suffered. Evidence was offered, which, if believed by the jury, would tend to sustain the defensive theory. The principal source of evidence proving injury was that given by the parties themselves and the opinions of their medical and lay witnesses. The medical witness testified that he found observable injury reactions or symptoms, but in the main the character and extent of injury had to be determined from the testimony of the injured party.

An analysis of the evidentiary record suggests that the jury could have very plausibly decided that the defendant driver was negligent, but that the collision was so slight that it could not have caused serious harm to the plaintiffs. Following up such a conclusion the jury might with reason decide that an award sufficient to take care of the medical expense would be a just disposition of the plaintiffs' claims. In other words the jury could have concluded that the injuries were nonexistent, or nearly so, and exaggerated in any event, but that medical examination was in order following the occurrence, even when little or no injury was suffered, and the defendants should bear the expense. It is to be observed in this connection that there is nothing in the record except the amount of damages assessed to suggest that the jury was confining its verdict to medical expense. What is here said assumes the validity of the appellants' contention that the jury was merely attempting to reimburse medical expense without so holding.

■ Fact and fiction sometimes appear in identical dress. The function of the jury is to go beyond the superficial, the outward appearance, and distinguish between the two. The following extract from Harbuck v. Ramos, 371 S.W.2d 812 (Ct.Civ. App.1963, no writ) is adopted as apt wording to dispose of this appeal:

> "The jury heard the testimony of plaintiffs, and of the medical witness, observed their demeanor and conduct on the witness stand, and having carefully weighed the testimony, returned their finding into court. The credibility of witnesses, and the weight to be given their testimony are questions for the jury. This is especially true with respect to testimony of parties or other persons interested in the litigation. * * *"

After carefully studying the entire record it is concluded that the appellants' points of error should be overruled. See Henderson v. Smith, 354 S.W.2d 429 (Tex.Civ.App. 1962, no writ); Arrington v. Paschall, 352 S.W.2d 866, (Tex.Civ.App.1962, n. r. e.); Williams v. Macatee, Inc., 371 S.W.2d 736 (Tex.Civ.App.1964, n. r. e.). The nature of the evidence sets this case apart from cases such as Laney v. Hardy, 265 S.W.2d 609 (Tex.Civ.App.1954, no writ). In that case it was undisputed that the injured party's jaw was broken and that he was incapacitated for several weeks. Here the nature and extent of injury was controverted.

The judgment of the trial court is affirmed.