Willie Faye LINCOLN, Appellant,

v.

Carol McCUBBIN, Appellee.

No. 8081.

Court of Civil Appeals of Texas, Texarkana.

Nov. 22, 1971.

Rehearing Denied Feb. 1, 1972.

**812**

R. L. Whitehead, Sr. and Gary Beckworth, Longview, for appellant.

Porter Johnston, Touchstone, Bernays & Johnston, Dallas, for appellee.

RAY, Justice.

Willie Faye Lincoln, appellant (plaintiff) filed suit in the District Court of Gregg County, seeking damages for her personal injuries sustained in an automobile collision when the Phillips vehicle in which she was riding was struck by an automobile driven by the appellee (defendant), Carol McCubbin. Appellant and her companion, George Phillips, had stopped at a drive-in restaurant to purchase food. When they started to leave the parking area, it was necessary for Phillips to stop his automobile at the edge of the street to wait for oncoming traffic. Appellee McCubbin backed her vehicle into the right-rear door of the automobile in which appellant was a passenger. Appellant was in the passenger position in the front seat of the Phillips vehicle when the collision occurred and she was thrown against Phillips as a result of the impact. She alleged that she sustained a "whiplash injury" and that as a result of her injuries she suffered mental and physical pain, loss of earnings and medical expenses. The jury found the sum of $348.00 to be the reasonable and necessary expense for the treatment of appellant's injuries and found that appellant had lost earnings in the past in the sum of $300.00. In answer to the special issues concerning past physical pain, past mental anguish, future mental pain, and future mental suffering, the jury wrote "None" in the blanks provided at the appropriate places on the court's charge. The trial court overruled appellant's motion for mistrial and appellant's motion for new trial and rendered judgment for appellant in the sum of $648.00.

Appellant comes to this court on four points of error. In each point of error appellant complains about the jury's answers to the damage issues on pain and suffering, and states that the trial court erred in failing to grant appellant's motion for new trial because:

No. 1.   The jury's answers to these issues were against the great weight and preponderance of the evidence;

No. 2.   Because there was no evidence to support the jury's answers to these issues;

No. 3.   Because there was insufficient evidence to support the jury's answers to these issues;

No. 4.   Because the jury's answers to these issues were manifestly unjust and unfair.

The pleadings in this case do not raise the issue of whether appellant was injured at all as a result of the collision. The case was not tried on that basis, nor was a special issue requested by appellee to have the jury determine if appellant had been injured as a result of the collision. There is uncontradicted expert testimony by Dr. Walter Hart that he found objective signs of a neck injury following the date of the collision. The collision occurred on July 17, 1970, and Dr. Hart examined appellant on July 20, 1970, and had her hospitalized. He made a diagnosis of whiplash injury and prescribed drugs to ease the pain and to relax her muscles. His testimony indicated that she could not have worked as a waitress for a period of six months after the injury, and that it would be two years before she recovered from the traumatic effects of her injury. His testimony estab-

lished that she suffered mental pain as a result of the injury, and that it would be another year before she recovered from the mental pain and anxiety. The testimony of Dr. Hart is uncontradicted in the record.

The principal issue in this case, as we see it, is whether the jury can be justified in finding the primary issues of negligence against appellee and then find appellant entitled to recover reasonable and necessary expenses for her treatment of her injuries, along with a recovery for lost earnings, but then deny appellant any recovery for pain and suffering. Under the facts of this case we do not think so.

This court held in Armstead v. Harvey, 390 S.W.2d 871 (Tex.Civ.App. Texarkana 1965, no writ), that circumstances do exist in which the jury can determine that the plaintiff is entitled to recover medical expenses without making an award for pain and suffering, time lost from daily work, and cost of medication. In other words, the jury could be justified, under a peculiar set of facts, in finding that plaintiff would be entitled to recover his doctor's bills for his examination, but not award him any other elements of damage if they found and believed that the plaintiff was not injured. This court was quick to point out, however, that the facts in the *Armstead* case were different from those in Laney v. Hardy, 265 S.W.2d 609 (Tex. Civ.App. El Paso 1954, no writ). In that case it was undisputed that the injured party's jaw was broken and that he was incapacitated for five weeks with a loss of income of $50.00 per week. The El Paso Court of Civil Appeals found that the jury's award for $126.00 was inadequate when the dentist bill was $125.00, and reversed the case for a new trial.

In the present case, appellant Lincoln testified that her neck started hurting shortly after the collision, and that she went to her family doctor, Walter Hart, in Gladewater, Texas; that she was hospitalized for six days; and that she could not work because her neck was hurting her so badly. Further, she could not pick up her baby, nor could she do her household chores because of her injuries. Her employer, Jessie Watson, testified that when he saw her in the hospital she appeared to be in pain. George Phillips, the driver of the automobile, testified that appellant complained of pain shortly after leaving the scene of the collision. Appellant's husband testified that his wife was in pain when he saw her immediately after the collision, and that he observed her in pain around the house when she would stoop over to do anything or pick up anything. The testimony concerning the injuries and pain suffered by appellant is not contradicted in any manner by appellee. The only evidence before this court is that appellant was injured and that she suffered pain as a result of the injury she received following the automobile collision.

We believe that the jury's answer of "None" to the special issues concerning damages for pain and suffering are so against the great weight and preponderance of the evidence as to be manifestly unjust. The opinion of the Dallas Court of Civil Appeals in Berry v. Lowery, 266 S.W.2d 917 (Tex.Civ.App. Dallas 1954), amply applies in this case when that court stated: ". . . . though the amount of damages is ordinarily left to the discretion of the jury under the evidence before them, yet they cannot ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence (citing cases). In the instant case the verdict was manifestly wrong under the evidence, and the court should have granted a new trial."

A review of the testimony in this case shows that the answers of the jury that appellant Lincoln "suffered no damages is not only unsupported by any evidence, but is directly contrary to all the evidence." Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954). The Amarillo Court of Civil Appeals followed the holdings in the *Berry*

Cases, supra, in deciding Bolen v. Timmons, 407 S.W.2d 947 (Tex.Civ.App. Amarillo 1966).

Appellant's points of error One and Three are sustained.

The judgment of the trial court is reversed and remanded.