Carl D. COMSTOCK, Appellant,

v.

Cirilio RAMIREZ et al., Appellees.

No. 6420.

Court of Civil Appeals of Texas,
El Paso.

Feb. 26, 1975.

Dudley R. Mann, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, George W. Finger, Newton Ted Painter, El Paso, for appellees.

## OPINION

WARD, Justice.

The plaintiff, Carl D. Comstock, complains of a judgment entered in his favor in the amount of $333.00 in this automobile collision case. The jury sitting in the case answered the liability issues in favor of the plaintiff and awarded him the judgment amount for his medical and hospital bills. The appeal is from the jury findings and judgment thereon which awarded no money damages for past pain and suffering and loss of earnings. We affirm.

After faulting the defendants in the four liability issues which were submitted, the jury answered "None" as to physical pain and mental anguish suffered by the plaintiff to the present, answered "None" as to physical pain and mental anguish in the future, answered "None" as to loss of earnings in the past, and "None" as to loss of earning capacity in the future. As to medical and hospital bills incurred by the plaintiff for treatment resulting from the accident in question, the answer was "$333.00." The points of error which we will consider relate to those jury findings as to past pain and suffering, past loss of earnings, and loss of future earning capacity, and are to the effect that these answers are contrary to the undisputed and uncontradicted testimony and also against the overwhelming weight and preponderance of the evidence. The Appellant makes no complaint regarding the jury's failure to award damages for future pain and mental anguish. The plaintiff's final point asserts that because of the jury award for medical and hospital expenses and a denial of award for the other elements of damage there is an irreconcilable conflict in the findings.

The plaintiff was 49 years of age at the time of the accident, had retired from the United States Army as a Lt. Colonel with 40% disability, and was employed as an insurance salesman under a trainee program. The plaintiff was the passenger in the car involved in the accident which occurred at 9:00 A.M., and he stated that he was thrown forward into the windshield and rear view mirror and briefly knocked unconscious. The drivers of the two vehicles were uninjured, and testified that the plaintiff made no complaint of injury at the scene nor afterwards while in their presence. At noon the plaintiff went to William Beaumont Army Hospital for emergency room treatment and was released at 7:00 P.M. that night. He described going to the hospital the next day and on several other occasions for additional treatment. He testified that his head on the left was numb, his eyelid was drooping, and he had a feeling that his face was paralyzed, that he hurt all over after the accident and that for three months he had a great deal of pain in his neck and shoulders and was given therapy and medication by Dr. Gonzalez to relieve the pain. He said that his pain kept him from making any personal interviews with clients and that his insurance sales for which he drew commissions fell off rapidly. Supervisors at his insurance company stated that after the accident he became lethargic, appeared to be suffering from pain and was taking a medication, was unable to keep up with his calls, and that his production lessened.

Medical evidence which was introduced revealed that the plaintiff was a chronically ailing man. His medical history is summarized as consisting of persistent complaints of low back pain from 1947 to the date of trial, cervical pain from 1969 to the date of trial, numerous referrals for psychiatric treatment, and with periodic medical opinions that he exaggerated his symptoms. The records show continuous complaints of arthritis, rheumatism, generalized joint pain in back, neck, hips, knees,

ankles, wrists and fingers, and of chest pains during his consultation with orthopedists, neurosurgeons, rheumatologists, and psychiatrists, all with minimal objective medical evidence as support for any such complaints. His back problems began when he fractured a vertebra during a parachute jump in 1947. In February, 1971, the Army doctors diagnosed Mr. Comstock's condition as degenerative joint disease of the cervical spine and degenerative joint disease of the lumbosacral spine, and he was retired with a 40% medical disability rating. Mr. Comstock was dissatisfied with the Army's disability evaluation, and in March, 1971, he went to Dr. Saul Gonzalez for an independent civilian evaluation of his physical condition. Dr. Gonzalez diagnosed his condition as degenerative and hypertrophic arthritis of the neck and lower back and chronic lumbosacral discogenic syndrome. Dr. Gonzalez was of the opinion that Mr. Comstock exaggerated his symptoms, and his disability evaluation was similar to that made by the Army. Dr. Gonzalez was consulted after the accident on October 29th and x-rays revealed essentially the same physical condition as existed in March, 1971. After a series of visits, Dr. Gonzalez concluded that the plaintiff's condition was no worse, no better, than it was in March, 1971, and he found no objective evidence of injury on any other visits.

Dr. John Emmett, an orthopedic surgeon, examined the plaintiff on November 12, 1973, pursuant to an agreement of the parties and Court order. It was his opinion that the plaintiff's subjective symptoms might be exaggerated and he concluded there was no evidence to support a finding of 40% permanent disability though the plaintiff continued to draw disability payments from the Government for that condition. The only diagnosis this doctor was able to make was that the man had for years suffered from degenerative disc disease with recurrent low back pain; that there was no evidence to suggest that the accident hurt him.

■ From the above it is readily apparent that the plaintiff's position regarding the law question on past pain and suffering cannot be sustained. As to loss of earnings in the past and diminished earning capacity, the defendants point to certain discrepancies in the plaintiff's own testimony. We will not discuss this evidence, as the plaintiff made his claim to these items of damage because of his alleged pain and suffering from the accident, and we have covered that subject. Therefore, we hold that the jury's answers to all of the items complained of are not contrary to the undisputed and uncontradicted testimony.

■ In deciding if the verdict of the jury is contrary to the overwhelming preponderance of the evidence, pertinent rules applicable are that the burden is on the complaining party to show the verdict is contrary to the overwhelming preponderance of the evidence; it is within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony; the jury may accept or reject all or part of the testimony of any witness; and matters of pain and suffering are peculiarly within the province of the jury. Royal v. Cameron, 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); Ruffo v. Wright, 425 S.W.2d 663 (Tex.Civ.App.—San Antonio 1968, no writ). It was the jury's privilege to disregard the testimony offered by the plaintiff as to whether he was even injured from the accident and to accept the medical reports and the testimony and conclusions of the two doctors which were to the contrary. This is what this jury did. After considering all of the evidence and the reasonable inferences arising therefrom, we overrule the plaintiff's points that the jury's answers were against the overwhelming weight and preponderance of the evidence. Hulsey v. Drake, 457 S.W.2d 453 (Tex.Civ.App.—Austin 1970, writ ref'd n. r. e.).

■ In urging his last point as to a conflict between the findings which we have

discussed and the medical and hospital award of \$333.00, the plaintiff relies on those cases where there was undisputed or objective evidence of serious injury and resulting pain and suffering. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795, 796 (1954). Dupree v. Blackmon, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), is typical in this category and the opinion refers to many other cases where judgments were reversed.

The facts in the case before us are different. Here, the injuries were disputed. The jury felt that the pains and disabilities disclosed by Mr. Comstock were not proximately caused by the accident. At the same time the jury believed that this chronically ailing man, who suffered from recurrent back and neck pains, was naturally apprehensive and was entitled to reasonable medical examinations with the resulting bills as being necessarily caused by the accident. These are the peculiar facts that fit Armstead v. Harvey, 390 S.W.2d 871 (Tex.Civ.App.—Texarkana 1965, no writ). See also Lincoln v. McCubbin, 475 S.W.2d 811, 813 (Tex.Civ.App.—Texarkana 1971, no writ).

The judgment of the trial Court is affirmed.