**Alma RYAN, Appellant,**

v.

**William Barton HUBER, Appellee.**

**No. 18435.**

Court of Civil Appeals of Texas,
Forth Worth.

June 18, 1981.

Rehearing Denied July 16, 1981.

Thorne, Thorne & Robertson, Inc. and Michael A. Robertson, Grand Prairie, for appellant.

Dalton, Moore, Forde, Joiner & Stollenwerck and Thomas K. Boone, Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

Plaintiff Alma Ryan filed suit against defendant William Barton Huber for personal injury damages growing out of and resulting from a vehicular collision. Alleged was that plaintiff, as a passenger, was riding in the "lead" automobile on a public street when it become necessary to slow down because of the traffic traveling in the same direction on the same street; that when this was done the automobile driven by the defendant ran against the rear of that in which plaintiff was riding, causing her personal injuries.

Answers returned by the jury, upon which a judgment for plaintiff was rendered and entered, included the following: (1) defendant was negligent; (2) his negligence was a proximate cause of the occurrence; (3) plaintiff was injured as result of

the occurrence; driver of the automobile in which plaintiff was riding did not negligently stop or slow his vehicle more suddenly that a person using ordinary care would have done under the same or similar circumstances; and the sum of money which would fairly and reasonably compensate plaintiff for her injuries resultant from the occurrence was $375.00 for her loss of earning capacity in the past. The jury also found, or, by returning answers as "we do not," refused to find as plaintiff desired, in that they found no damages for pain and mental anguish.

Based upon the jury's verdict the judgment of the court was that plaintiff receive $375.00, plus interest and costs. Therefrom plaintiff appealed.

We reverse and remand.

■ One point of error presented on appeal is that the court erred in denying plaintiff's motion for new trial because the jury's refusal to find that she experienced any amount of damages for pain and mental anguish was so contrary to the greater weight and preponderance of the evidence as to be manifestly unjust. The record before us on appeal does not contain a statement of facts that we might know the evidence presented to the jury. Absent such we are unable to determine whether the refusal to find as plaintiff desired was contrary to the greater weight and preponderance of the evidence. Noted is that on ruling on the point we disregard any consideration of whether the jury might have returned conflicting answers. The point of error is overruled.

■ The remaining point is that the court erred in denying plaintiff's motion for new trial upon the ground that the refusal of the jury to return an answer that she experienced damages from pain and mental anguish was in conflict with the affirmative answer it did return; that she was injured as a result of the occurrence, and where, by its additional answer, it found that as a result the reasonable compensation to which she was entitled was $375.00 for her loss of earning capacity.

It occurs that there should be value in the ascertainment of exactly what injuries plaintiff had alleged in her petition. Material portion thereof read, as follows:

"Plaintiff was taken by ambulance to Arlington Memorial Hospital where she was treated in the emergency room. At that time, Plaintiff suffered from pain in her mid back and neck and ached all over her body. When Plaintiff straightened her leg out, it hurt down her back. Plaintiff had frontal headache and a burning sensation down the length of her spine. From the date of her injury until the filing of this suit, Plaintiff has suffered extreme pain and mental anguish and in all reasonable probability will continue to suffer from her injuries . . . which she received in the accident in question . . . ."

Further allegation was:

"[P]laintiff was unable to work and Plaintiff suffered lost wages in the past of $375.00. Plaintiff returned to work but because of her injuries and pain and suffering was unable to continue. . . . because of her injuries, Plaintiff was forced to resign from her job. . . ."

Appearing as undisputed, therefore, is that plaintiff was injured, was unable to work and earn wages for a period afterward because thereof, and that furthermore she was entitled to damages in the amount of with consequent monetary loss $375.00. However, the jury refused to find that she experienced any pain and suffering. If she experienced any pain and suffering she was entitled to be compensated therefor by tort law.

To be assumed is that the evidence conformed to the pleadings in the absence of challenge by the defendant, and there has been no challenge. The situation falls within the class of cases common to rear-end collision cases; i. e. the person claiming to have been injured in the vehicle "rear-ended" claims "whiplash" to the neck, or a variation thereof. The situation presented is one by in which the jury might find no injury or, if injury is found, might find minimal damages or very great damages—ordinarily based upon whether they agreed that plaintiff experienced pain, and is so the dollar value in compensation to be allowed therefor.

Here we believe we should take judicial notice that if there is an injury as alleged (as the jury found in this case) it is accompanied by pain. Many cases refer to physical pain and suffering as a natural consequence of injury. In other words the fact is so commonly and widely known "that even judges know it."

We have concluded that the circumstances are such that there is a conflict in the jury finding that plaintiff sustained injury of degree of consequence sufficient to incapacitate her performance of the duties of her usual employment (on a special issue by which the burden was imposed on plaintiff) with the refusal to find that any pain accompanied and followed as occasioned by that injury (on a special issue by which the burden was likewise imposed on plaintiff). While it may be that one can "get hurt without hurting" in some hypothesized case of injury, the injury in the case presented is not such an instance. Here, necessarily, is presented a case where if the plaintiff was injured she experienced pain; and if she did not experience pain she was not injured—at least in the manner alleged.

Having refused to find that plaintiff experienced pain the jury was not at liberty—without conflict—to affirmatively find that she sustained injury; or, conversely, having found that plaintiff sustained injury, the jury was not at liberty—without conflict—to refuse to find she did experience pain. The answers cannot be accommodated; they necessarily conflict.

Save for the fact that in the case to which we refer there apparently was no contention of conflict in the jury findings the factual background both of the occurrence and of the events of the trial are nearly identical to those in *Lincoln v. McCubbin*, 475 S.W.2d 811 (Tex.Civ.App.—Texarkana, 1971, no writ). In that case reversal was ordered because the failure and refusal of the jury to find any damages for pain was contrary to the greater weight and preponderance of the evidence. In that case was a discussion of the same court's prior opinion in *Armstead v. Harvey*, 390 S.W.2d 871 (Tex.Civ.App.—Texarkana, 1965, no writ), in which the ground of complaint was inadequacy of the award (be-

cause a minimal amount over and above the medical expenses was all that had been awarded). Justice Ray distinguished the occasion for different holdings in the two cases.

The same two cases were mentioned in *Comstock v. Ramirez*, 520 S.W.2d 475 (Tex. Civ.App.—El Paso 1975, no writ), where Justice Ward commented that the Texarkana court was considering cases in which there was no dispute about injury but where the jury had felt that the pains and disabilities to the plaintiff were not proximately caused by the accident; where the jury believed that the chronically ailing man, who suffered from recurrent back and neck pains, was naturally apprehensive and was entitled merely to recover for reasonable medical examinations and resulting bills as being necessarily caused by the accident. (Loss of wages had been found by the jury in *Lincoln, supra*, but no loss of wages was found in *Armstead, supra*.)

In *Comstock v. Ramirez, supra*, the jury had refused to find anything on loss of earning capacity and also refused to find any pain and mental anguish, though finding injury and $333.00 as medical and hospital bills incurred for treatment thereof. In such a case the court refused to sustain point of error that the finding of injury (necessitating $333.00 in medical expense) was in irreconcilable conflict with the refusal to find any damages for pain and suffering.

Defendant has cited *Vaughn v. Renshaw*, 411 S.W.2d 57 (Tex.Civ.App.—Waco 1967, writ dism'd) as authority for his contention that the answers do not conflict. In that case there was finding of injury sustained as result of a motor vehicle collision, and jury finding of $9,000.00 because of the plaintiff's diminished capacity to work; with the simultaneous finding of "none" in answer to inquiry upon sum to award for future pain and mental suffering. (We cannot determine from the opinion whether any part of the judgment on the verdict was for any past pain and suffering.) The court held "no conflict" in finding of diminished capacity to work of $9,000.00 while at

the same time refusing to find anything for "future" pain and suffering. The nature of the injuries was not explained in the opinion.

The plaintiff has cited *Boultinghouse v. Thompson*, 291 S.W. 573 (Tex.Civ.App.—San Antonio 1927, writ dism'd), and *Smith v. Bullock*, 317 S.W.2d 232 (Tex.Civ.App.—Waco 1958, no writ), as cases standing for the proposition that where there is no dispute of injury, or where injury is found by the jury, with medical and hospital expenses awarded to a plaintiff in the treatment of such injury, there was irreconcilable conflict between the fact finding of "injury" (coupled with medical expenses thereby occasioned) and refusal to find damages for past physical pain and mental suffering.

The case before us is to be distinguished in that there was no special issue by which the jury could find anything for medical expenses; none was requested and apparently there must have been trial without attempt to collect damages for any there might have been. Nevertheless there was finding of damages because of incapacity to work occasioned by the injury and the judgment in the case was for plaintiff in the amount found. Already observed is that we deem important the character of injuries upon which the plaintiff's prayer for relief was predicated (though we have no statement of facts).

We hold irreconcilable conflict to have resulted by the finding of injury occasioning incapacity of plaintiff, with damages assessed therefor, while at the same time there was refusal to make a finding in award of any amount for the plaintiff's pain and suffering. Under the circumstances, we hold pain and suffering must be deemed to have been experienced as a consequence of the same injury.

Judgment is reversed, with the cause remanded.